COMMONWEALTH *vs.* SAMUEL SLOME.

Worcester. September 22, 1947. — November 4, 1947.

Present: QUA, C.J., LUMMUS, DOLAN, RONAN, & WILKINS, JJ.

*Gasoline. Sign. Constitutional Law,* Due process of law. *Practice, Criminal,* Motion for finding, Requests, rulings and instructions.

A motion, presented at the hearing of a criminal complaint in the Superior Court without a jury, that the defendant be adjudged not guilty, had no standing; the question sought to be presented should have been raised by a request for a ruling that, upon all the evidence, a finding of guilty was not warranted.

General Laws (Ter. Ed.) c. 94, § 295C, as appearing in St. 1939, c. 459, § 1, is not unconstitutional on the ground that it lacks the certainty and definiteness required by art. 12 of the Declaration of Rights of the Constitution of the Commonwealth and the due process clause of the Fourteenth Amendment to the Federal Constitution.

A sign, thirty by forty inches, displayed within view of a public highway upon premises where motor fuel was sold at retail and reading as follows: "Drive In Save 2 Cents Per Gallon," properly might be found to have been posted or displayed in violation of G. L. (Ter. Ed.) c. 94, § 295C, as appearing in St. 1939, c. 459, § 1.

COMPLAINT, received and sworn to in the Central District Court of Worcester on May 29, 1946.

On appeal to the Superior Court, the defendant waived his right to a jury trial, and the case was heard by *Hudson,* J., without a jury.

In this court, the case was submitted on briefs.

*S. M. Salny,* for the defendant.

*A. B. Cenedella,* District Attorney, *& A. A. Gelinas,* Assistant District Attorney, for the Commonwealth.

RONAN, J. The defendant has been found guilty on a trial before a judge without a jury upon a complaint charging a violation of G. L. (Ter. Ed.) c. 94, § 295C, as appearing in St. 1939, c. 459, § 1. The defendant displayed, upon premises which he occupied in conducting his business of selling motor fuel or gasoline and other products at retail and within view of the public highway, a sign approximately

thirty by forty inches, which read as follows: "Drive In Save 2 Cents Per Gallon." Each of the four gasoline pumps which were upon the premises and from which gasoline was sold at retail had posted upon it a sign showing the price of the gasoline sold from that pump in accordance with § 295C. One Roche, whose attention was attracted by the sign bearing the words quoted above and who believed that it related to the price of gasoline, drove upon the defendant's premises to purchase and did purchase gasoline, paying the price designated upon the pump from which it was dispensed. The judge took a view of the defendant's premises, and found that that sign was in plain view of the public highway and was designed and calculated to cause the public to believe that it related to the price of gasoline. The defendant excepted to the denial of his motion that he be adjudged not guilty.

This motion of the defendant has no standing as such. The question he attempted to present should have been raised by a request for a ruling that upon all the evidence a finding of guilty could not be made by the judge. We treat the motion as such a request and consider its denial as the equivalent of a ruling that the evidence warranted a finding of the defendant's guilt. *Commonwealth* v. *Hull*, 296 Mass. 327. *Commonwealth* v. *Carter*, 306 Mass. 141. *Commonwealth* v. *Goldberg*, 316 Mass. 563.

General Laws (Ter. Ed.) c. 94, § 295C, in its original form was inserted by St. 1938, c. 411, which required price signs to be posted upon the pumps and prohibited the display of any other signs stating or relating to the price of gasoline. The section was amended by St. 1939, c. 459, § 1, which further regulated the signs other than the price signs required to be posted upon the pumps or other dispensing equipment. The validity of this section in its original form was decided in *Slome* v. *Chief of Police of Fitchburg*, 304 Mass. 187, and as amended was decided in *Merit Oil Co.* v. *Director of the Division on the Necessaries of Life*, 319 Mass. 301. In both cases no distinction was made by the parties between signs stating the price of gasoline and those relating to the price. The signs of both kinds were treated by the

parties as price signs, and these cases were considered by the court upon this basis. What was said about price included what related to or concerned the price, and as so understood there is nothing decided in those cases that is inconsistent with what is here decided.

The complaint in the instant case is based upon that portion of said § 295C which provides that "No signs stating or relating to the price of motor fuel, and no signs designed or calculated to cause the public to believe that they state or relate to the price of motor fuel . . . shall be posted or displayed on or about the premises where motor fuel is sold at retail, and within view of any public highway or reservation."

The only objection to the validity of this section which was not raised and decided in the two previous decisions is that the section, especially the portion quoted, lacks the certainty and definiteness required by art. 12 of the Declaration of Rights of the Constitution of this Commonwealth and because of this lack of certainty and definiteness is violative of the due process clause of art. 14 of the Amendments to the Constitution of the United States.

A statute creating a crime must be sufficiently definite in specifying the conduct that is commanded or inhibited so that a man of ordinary intelligence may be able to ascertain whether any act or omission of his, as the case may be, will come within the sweep of the statute. It must fix with a reasonable degree of definiteness what it requires or prohibits. It should furnish a definite standard as a guide to determine what it denounces and condemns. A citizen is entitled to protection from prosecution unless the statute on its face penalizes the particular conduct with which he is charged. One ought not to be compelled to speculate at his peril as to whether a statute permits or prohibits any action which he proposes to take. If the standard of guilt prescribed by a statute is so variable, vague or uncertain that it is useless as a measure of criminal liability, then the statute must be struck down. *Commonwealth* v. *Daniel O'Connell's Sons, Inc.* 281 Mass. 402. *Connally* v. *General Construction Co.* 269 U. S. 385. *Cline* v. *Frink Dairy Co.* 274 U. S. 445. *Lanzetta* v. *New Jersey*, 306 U. S. 451.

The words of a statute are to be given their usual and ordinary meaning. Words plain enough in common speech are equally plain when they appear in a statute. They are to be considered in the light of the obvious aim to be accomplished by the Legislature and as employed by the Legislature as expressing the practical means by which the legislative aim is to be attained. Every statute, if possible, is to be construed in accordance with sound judgment and common sense, so as to make it an effectual piece of legislation. *Morrison* v. *Selectmen of Weymouth,* 279 Mass. 486. *Tilton* v. *Haverhill,* 311 Mass. 572. *Curran, petitioner,* 314 Mass. 91. A statute is the expression of the legislative will adopted after the language of the bill had been scrutinized and approved as it passed through the various stages leading to its enactment. A statute is to be sustained when assailed upon the ground that it fails to conform to the constitutional mandate requiring a reasonably certain expression of just what the Legislature intended to embrace within its terms, unless its conflict with the Constitution is established beyond reasonable doubt. *Moore* v. *Election Commissioners of Cambridge,* 309 Mass. 303, 311. *Morrissey* v. *State Ballot Law Commission,* 312 Mass. 121, 130. *Hayes* v. *Brockton,* 313 Mass. 641, 645–646.

The language of that portion of the statute now in question must be examined to determine whether the act denounced is expressed with such certainty that an ordinary member of society may understand what is thereby prohibited. The statutory words do not appear to be ambiguous or vague. They plainly embrace signs designed or calculated to induce a belief that they state or relate to the price of gasoline. Designed or calculated means that it was intended or contemplated that they should produce the belief just mentioned. A reading of a sign will readily disclose whether it displays a statement of the price or whether its contents relate, pertain or refer to the price. Likewise, a reading of a sign, located on premises where gasoline is sold at retail and situated so as to be seen by those using the public way or reservation, will easily enable one to determine whether such a sign is sufficient reason-

ably to produce a belief on the part of the public that it states or relates to the price and whether such a sign was designed and calculated to generate such a belief. It would seem that the practical value of a sign upon such premises is its capacity to attract customers in order to increase sales, and that one of the major factors involved to effect sales is the price of the product. The statute in plain terms designates all the elements constituting the crime and furnishes a sufficiently certain and definite description of the class of signs prohibited as to be reasonably understood by any one of ordinary intelligence. The governing principles of law have been discussed at length and with great thoroughness by Rugg, C.J., in *Commonwealth* v. *Pentz*, 247 Mass. 500, in upholding a statute punishing the operation of a "motor vehicle so that the lives or safety of the public might be endangered"; in *Commonwealth* v. *Reilly*, 248 Mass. 1, in sustaining a statute prohibiting the publication of advertisements containing untrue, deceptive and misleading statements of fact which the defendant "knew, or might on reasonable investigation" have ascertained "to be untrue, deceptive or misleading"; and in *Kneeland* v. *Emerton*, 280 Mass. 371, in sustaining the validity of an exemption from the blue sky law of an isolated sale of securities by or in behalf of the owner, "such sale not being made in the course of repeated and successive transactions of a like character." See also *Commonwealth* v. *National City Co. of Boston*, 280 Mass. 439; *McQuade* v. *New York Central Railroad*, 320 Mass. 35; *Old Dearborn Distributing Co.* v. *Seagram-Distillers Corp.* 299 U. S. 183, 196; *Kay* v. *United States*, 303 U. S. 1, 9.

The sign here involved was properly found to come within the description of the class of signs prohibited by the statute. We need not decide whether signs differently worded, cited by way of illustration in the defendant's brief, would come within the statute. It will be time to decide that question when it arises.

*Exceptions overruled.*