COMMONWEALTH *vs.* GEORGE P. CARPENTER.

Suffolk. November 7, 1949. — March 29, 1950.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Constitutional Law,* Due process of law, Public place. *Way,* Public: loitering. *Municipal Corporations,* By-laws and ordinances. *Boston. Words,* "Saunter or loiter."

The provision of c. 40, § 34, of the Revised Ordinances of Boston (1947), that "No person shall, in a street . . . wilfully and unreasonably saunter or loiter for more than seven minutes after being directed by a police officer to move on," is on its face repugnant to the due process clause of the Fourteenth Amendment to the Federal Constitution and to art. 12 of the Declaration of Rights of the Massachusetts Constitution in that it does not prescribe any standard capable of intelligent human evaluation to enable one chargeable with its violation to discover those conditions which convert conduct which is prima facie lawful into that which is criminal.

COMPLAINT, received and sworn to in the Municipal Court of the City of Boston on September 2, 1948.

On appeal to the Superior Court, the case was heard by *Buttrick*, J.

*A. A. Albert*, for the defendant.

*G. Miraldi*, Assistant District Attorney, for the Commonwealth.

WILKINS, J. The complaint charges that at Boston on September 1, 1948, the defendant "did wilfully and unreasonably saunter and loiter in a certain public street . . . called Columbus Avenue for more than seven minutes after being then lawfully directed there . . . to move on" by a police officer. In the Superior Court the defendant waived trial by jury, and was tried, convicted, and sentenced to pay a fine of $20. The judge, being of opinion that there is involved a question of law so important or doubtful as to require the decision of this court, with the consent of the defendant, reported the case, and stayed proceedings. G. L. (Ter. Ed.) c. 278, § 30.

The complaint is based upon c. 40, § 34, of the Revised Ordinances of Boston (1947), which reads: "No person shall, in a street, unreasonably obstruct the free passage of foot-travellers, or wilfully and unreasonably saunter or loiter for more than seven minutes after being directed by a police officer to move on," with exceptions now immaterial. The complaint alleges no obstruction of foot travel, and charges no offence based upon that part of the ordinance. Also lacking is any allegation of drawing crowds, or of inducing violence, or even of threatening a breach of the peace, however slight. Compare *Commonwealth* v. *Anderson*, 308 Mass. 370, 372; *Commonwealth* v. *Pascone*, 308 Mass. 591, 594; *Commonwealth* v. *Akmakjian*, 316 Mass. 97, 103; *Commonwealth* v. *Gilfedder*, 321 Mass. 335, 338. The phrase "saunter or loiter" may be defined as "idling," "to be dilatory," "to be slow in moving," "to delay," "to linger," or "to lag behind." *Hawaii* v. *Anduha*, 48 Fed. (2d) 171, 173 (C. C. A. 9). *State* v. *Starr*, 57 Ariz. 270, 272. *Phillips* v. *Municipal Court of Los Angeles*, 24 Cal. App. (2d) 453, 455.

*State* v. *Tobin,* 90 Conn. 58, 62.  *Olathe* v. *Lauck,* 156 Kans.
637, 640.  *Columbus* v. *Aldrich,* 69 Ohio App. 396, 399–400.
*Cates* v. *Jones,* 129 S. W. (2d) 476, 477 (Tex. Civ. App.).
*State* v. *Jasmin,* 105 Vt. 531, 534.  See *Kennedy* v. *Saunders,*
142 Mass. 9; *Malhoit* v. *Burns,* 235 Mass. 559.

In the view we take, the facts are unimportant.  The part
of the ordinance here considered we hold to be void on its
face as repugnant to the due process clause of § 1 of the
Fourteenth Amendment to the Constitution of the United
States and to art. 12 of the Declaration of Rights of the
Constitution of this Commonwealth.  It undertakes to make
criminal an intentional and unreasonable failure by one on a
street to move on as soon as seven minutes have elapsed
after a direction to that end given by a police officer.  Prima
facie, mere sauntering or loitering on a public way is lawful
and the right of any man, woman, or child.  This the Com-
monwealth concedes.  Under the ordinance, such conduct
continues conditionally lawful subject to a direction to move
on by a police officer followed by unreasonable failure to
comply and the expiration of seven minutes.  Not all idling
is prohibited, but only that which is unreasonable.  The
vice of the ordinance lies in its failure to prescribe any stand-
ard capable of intelligent human evaluation to enable one
chargeable with its violation to discover those conditions
which convert conduct which is prima facie lawful into that
which is criminal.  A "statute which either forbids or re-
quires the doing of an act in terms so vague that men of
common intelligence must necessarily guess at its meaning
and differ as to its application, violates the first essential of
due process of law."  *Connally* v. *General Construction Co.*
269 U. S. 385, 391.  *Lanzetta* v. *New Jersey,* 306 U. S. 451,
453.  *Winters* v. *New York,* 333 U. S. 507, 515–516.  *Com-
monwealth* v. *Slome,* 321 Mass. 713, 715.  And this is no less
true of a municipal ordinance or regulation.  *Druzik* v.
*Board of Health of Haverhill,* 324 Mass. 129, 133–134.

The broad sweep of this enactment is unnecessary to the
suppression of disorder or even of congestion in the streets,
evils at which legislation may be aimed in appropriately di-

rect language without affording a locus poenitentiae of seven or any other number of minutes.

Our conclusion is supported elsewhere. *Hawaii* v. *Anduha,* 48 Fed. (2d) 171, 173 (C. C. A. 9). *In re McCue,* 7 Cal. App. 765. *Pinkerton* v. *Verberg,* 78 Mich. 573. *St. Louis* v. *Gloner,* 210 Mo. 502. Compare *State* v. *Jasmin,* 105 Vt. 531.

This is the opinion of a majority of the court.

*Judgment reversed.*

*Judgment for the defendant.*