COMMONWEALTH vs. DONALD A. BROOKS.

Bristol.   April 1, 1968. — May 2, 1968.

Present: WILKINS, C.J., WHITTEMORE, KIRK, SPIEGEL, & REARDON, JJ.

*Municipal Corporations*, By-laws and ordinances.   *Way*, Parking, Snow removal.   *Motor Vehicle*, Parking.   *Constitutional Law*, Police power, Parking, Due process of law.

A city ordinance prohibiting, from November 1 to April 1, the parking of any vehicle in any street or way so as "to obstruct snow removal or street clearing" was not unconstitutional for vagueness.

COMPLAINT received and sworn to in the First District Court of Bristol on February 24, 1967.

Upon appeal to the Superior Court, a question of law was reported by *Taveira*, J.

*Melvin S. Louison* for the defendant.

*Peter B. Gay*, Assistant District Attorney, for the Commonwealth, submitted a brief.

REARDON, J.   The defendant was found guilty in the District Court of violating an ordinance of the city of Taunton which reads: "No person shall allow any vehicle, carriage, motor vehicle or any other vehicle of any description with or without horses or other animals attached thereto to remain in any street or way as to obstruct snow removal or street clearing during a period of five months from November first of each succeeding year to April first of the following year."   The defendant appealed and moved to dismiss the complaint against him on the ground that the ordinance "is invalid because it presents too vague a standard for judicial determination."   A judge of the Superior Court reported the matter here with the question, "Is the Ordinance in question so vague and lacking in definite standards as to violate the due process provisions of the Federal and State Constitutions?"

Extensive powers are lodged in municipalities to enable them to regulate parking in their streets for the purpose

of facilitating snow removal. G. L. c. 40, §§ 21 (16) and 22. See *Commonwealth* v. *Dobbins*, 344 Mass. 272, 274; *Commonwealth* v. *Berney*, 353 Mass. 571.

We test the defendant's contention that this ordinance fails to meet the constitutional provisions relative to due process by applying to its construction the standards applicable to the construction of statutes. *Commonwealth* v. *Carpenter*, 325 Mass. 519, 521. As in the case of a statute, an ordinance must sufficiently define that conduct which it seeks to command or inhibit that an individual of ordinary intelligence may be able to determine whether any act or omission of his comes within its sweep. It should supply a standard as a guide. See *Commonwealth* v. *Slome*, 321 Mass. 713, 715. Every presumption is to be indulged in favor of the validity of an ordinance. *Brown* v. *Carlisle*, 336 Mass. 147, 148. In this instance the ordinance is not aimed at rendering illegal conduct which prima facie would otherwise be legal. Cf. *Commonwealth* v. *Carpenter*, 325 Mass. 519, 521 (a case construing an ordinance prohibiting *unreasonable* sauntering and loitering on a public way). The regulation of the conduct proscribed is well within the powers of the city. There is no intent manifest on the part of the city to prohibit all parking on its streets during the winter months. A reasonable construction of the ordinance is that the city intends to prohibit parking when there are sufficient indications, official or otherwise, that the threat of substantial snow is imminent and immediately following the fall of snow when snow removal operations are reasonably likely to be under way. We hold that the ordinance is valid and answer the question reported in the negative. The case is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*