## OPINIONS OF THE JUSTICES TO THE HOUSE OF REPRESENTATIVES.

*Constitutional Law*, Due process of law, Monitoring device in manufacturing establishment or factory, Equal protection of laws. *Labor. Factory.*

Proposed legislation providing that no employer should operate any monitoring device in a manufacturing establishment or factory for the purpose of conducting any time or motion study of any employee without his express written consent and unless he had first been notified that such device was in operation therein, and defining "monitoring device" and "time and motion study," would be void for vagueness [829]; the proposed legislation would not be a denial of equal protection of laws in that it would apply only to manufacturing establishments and factories [830]. SPIEGEL, J., dissenting in part.

On June 26, 1970, the Justices submitted the following answers to a question propounded to them by the House of Representatives.

To the Honorable the House of Representatives of the Commonwealth of Massachusetts:

The undersigned Justices of the Supreme Judicial Court respectfully submit this answer to the question in an order adopted by the House on June 1, 1970, and transmitted to us on June 9. The order recites the pendency before the General Court of a bill, House No. 5719, a copy of which was transmitted with the order. The bill is entitled, "An Act prohibiting the operation of any device by an employer to monitor certain activities of his employees."

The order contains the following recitals: (1) on July 28, 1969, the House adopted an order requesting the opinions of the Justices of the Supreme Judicial Court upon important questions of law in a then pending bill, House No. 5328, with the same identical title as that of the bill which is the subject of the current order; (2) four Justices submitted an answer (356 Mass. 756, 758) stating, "Although the title

of the bill shows that the Legislature intended to protect the right of privacy of employees, the bill is all inclusive and goes far beyond its intent . . . the proposed bill sweeps too broadly and would, if enacted, be unconstitutional"; (3) two other Justices agreed with the above answer and also with the opinion of a seventh Justice who in a third opinion stated: "that the Legislature could enact a bill which by its provisions would protect an employee's private and personal deportment and yet preserve the rights of an employer so as to pass Constitutional muster"; (4) House No. 5719 of 1970 restricts the monitoring "for the purpose of conducting any time and/or motion study of any employee or employees," time and motion study being defined in the bill as "any study of an employee at work to observe, analyze and measure his operations at or away from his machine or job in relation to his productivity, speed of operations, or method of work"; (5) grave doubt exists as to the constitutionality of House No. 5719, if enacted into law.

The bill inserts in G. L. c. 149, a new § 19C, which provides that "No employer shall operate a closed circuit television system or any other monitoring device in a manufacturing establishment or factory for the purpose of conducting any time and/or motion study of any employee or employees without the express written consent of the employee or employees, and unless the employee or employees have first been notified that such system or device is in operation therein." "Monitoring device" is defined as "any device, either electronic, mechanical, visual or photographic, by means of which surveillance of another person may be effectuated both as to appearance, actions or speech." The Superior Court is given jurisdiction in equity to restrain any violation of this section.

The question is:

"1. Is it constitutionally competent for the General Court to prohibit, through the enactment of House, No. 5719, an employer from operating a closed circuit television system or any other monitoring device in a manu-

facturing establishment or factory for the purpose of conducting any time and/or motion study of any employee or employees without the express written consent of the employee or employees, and unless the employee or employees have first been notified that such system or device is in operation therein?"

Chapter 149 of the General Laws is entitled, "Labor and Industries," of which § 180 is "General penalty." "Whoever violates a provision of this chapter for which no specific penalty is provided shall be punished by a fine of not more than one hundred dollars."

The proposed act would be invalid under *Connally, Commr. v. General Constr. Co.* 269 U. S. 385, 391, where it was said: "That the terms of a penal statute creating a new offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties, is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law. And a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law." *Commonwealth* v. *Carpenter*, 325 Mass. 519, 521. *Alegata* v. *Commonwealth*, 353 Mass. 287, 293. See *Commonwealth* v. *Slome*, 321 Mass. 713, 715.

It would be difficult, if not impossible, to say just what forms of observation of employees would be prohibited by the proposed bill.

The current bill is not sufficiently different from the one as to which we expressed our opinions last summer, and we believe falls within what was there said, "The proposed bill sweeps too broadly and would, if enacted, be unconstitutional." *Opinion of the Justices*, 356 Mass. 756, 758. We are of opinion that the additional restrictions contained in House No. 5719 of 1970 when compared with House No. 5328 of 1969 do not materially limit the scope of the proposed prohibition.

We are of opinion that the proposed act would not be a denial of equal protection of the laws because it applies only to manufacturing establishments and factories as they are the places where time and motion studies would most likely be used. See *Hall-Omar Baking Co.* v. *Commissioner of Labor & Indus.* 344 Mass. 695, 707.

Although we have rested our opinion on the ground that the proposed bill is void for vagueness, we are not to be understood as suggesting that the bill is one which the Legislature could lawfully enact under the due process clause because it is open to the objections that it unduly restricts the right of a manufacturer to observe the work performed by his employees and improperly makes the right to such observation contingent upon the prior consent of the employees.

We answer the question, "No."

> RAYMOND S. WILKINS.
> JOHN V. SPALDING.
> R. AMMI CUTTER.
> PAUL G. KIRK.
> PAUL C. REARDON.
> FRANCIS J. QUIRICO.

Except for the sentence in regard to the "equal protection of the laws," I do not agree with the opinion of my colleagues. In my view the proposed legislation adequately describes the types of activities which are prohibited.

It is rare for a bill to be enacted by either Congress or a State Legislature that could not be drafted with greater precision. However, I think that the real test is the achieving of an equitable balance between the right of an employer to conduct his business and the protection of an employee's right to privacy. This "balancing of . . . conveniences" was well expressed in the case of *Breard* v. *Alexandria,* 341 U. S. 622, 644.

The prohibited conduct is set out with sufficient precision so as to enable a person to reasonably ascertain whether his

actions would be illegal. The brief submitted in opposition to the proposed bill suggests that the "monitoring device[s]" referred to in the bill might include "timeclocks" and "eyeglasses." It appears to me that an attempt to classify these items as devices which could be prohibited by the proposed bill borders on the specious.

It is of particular interest to note that the Supreme Court of the United States in the case of *Kovacs* v. *Cooper, Judge,* 336 U. S. 77, 79, in holding a city ordinance to be constitutionally valid determined that the words "loud and raucous" were not "vague, obscure and indefinite." I think the language describing the types of instruments and activities prohibited by the proposed bill "conveys to any interested person a sufficiently accurate concept of what is forbidden." *Id.* I would "adopt that reasonable interpretation of . . . [the] statute which removes it farthest from possible constitutional infirmity." *Id.* at 85.

The proposed bill is not overbroad. Under definition (2), only "time and motion" studies of an employee at work to observe, analyze and measure his "operations at or away from his machine or job *in relation to his productivity, speed of operations, or method of work*" are prohibited (emphasis supplied). This does not mean that devices used for the purpose of promoting efficiency and safety information are necessarily prohibited. It seems to me that this would be a question of fact.

I do not believe that the "due process" standards which are applied to preserve first amendment rights and personal freedoms are equally applicable to economic infringements as is urged by the opponents of the bill. In the case of *Ferguson, Attorney Gen. of Kansas,* v. *Skrupa,* 372 U. S. 726, 730, the Supreme Court of the United States in determining the validity of a State law regulating "the business of debt adjusting" stated, "We have returned to the original constitutional proposition that courts do not substitute their social and economic beliefs for the judgment of legislative bodies, who are elected to pass laws. . . . 'We are not concerned . . . with the wisdom, need, or appropriateness

of the legislation.' Legislative bodies have broad scope to experiment with economic problems . . . . It is now settled that States 'have power to legislate against what are found to be injurious practices in their internal commercial and business affairs.'" This view was succinctly stated by Professor Thomas I. Emerson in Nine Justices in Search of a Doctrine, 64 Mich. L. Rev. 219, 222–225. I believe it must be conceded that the ultimate import of the proposed bill is economic and well within the Legislature's sphere of control. I doubt that an effective argument can be made to the contrary. Moreover, the types of restrictions imposed by House Bill No. 5719 fall within the broad categories of general welfare and public safety areas in which the Legislature is empowered to act. "The police power of a state extends beyond health, morals and safety, and comprehends the duty, within constitutional limitations, to protect the well-being and tranquility of a community. A state or city may prohibit acts or things reasonably thought to bring evil or harm to its people." *Kovacs* v. *Cooper, Judge,* 336 U. S. 77, 83. See Westin, Science, Privacy, and Freedom: Issues and Proposals for the 1970's, 66 Col. L. Rev. 1003, 1044–1047; Eico, Inc. 44 Labor Arbitration Reports, 563–564.

I would answer the question, "Yes."

JACOB J. SPIEGEL.