COMMONWEALTH vs. ARTHUR WILLIAMS.

Suffolk. April 3, 1985. — July 3, 1985.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, NOLAN, & LYNCH, JJ.

*Due Process of Law,* Vagueness of ordinance. *Municipal Corporations,* By-laws and ordinances. *Loitering.*

The provision of the City of Boston Code, Ordinances, tit. 14, § 286, prohibiting sauntering and loitering "in such a manner as to obstruct . . . travellers . . .," is on its face unconstitutionally vague within the meaning of the due process clause of the Fourteenth Amendment to the United States Constitution in that it fails to give sufficient warning and definition of the proscribed conduct, and encourages arbitrary enforcement. [303-306]

COMPLAINT received and sworn to in the Roxbury Division of the District Court Department on December 2, 1983.

On transfer to the jury session of the Boston Municipal Court Department the case was heard by *George A. O'Toole, Jr.,* J., on a statement of agreed facts.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*John H. Miller, Jr.,* for the defendant.

*Paul J. McCallum,* Assistant District Attorney, for the Commonwealth.

LIACOS, J. City of Boston Code, Ordinances, tit. 14, § 286, provides: "No person shall saunter or loiter in a street in such a manner as to obstruct or endanger travellers or in a manner likely to cause a breach of the peace or incite to riot; but nothing in this section shall be construed to curtail, abridge, or limit the right or opportunity of any person to exercise the right of peaceful persuasion guaranteed by section 24 of chapter 149 of the General Laws or to curtail, abridge, or limit the intendment of any statute of the Commonwealth of Massachu-

setts." Any person violating this ordinance is subject to a twenty dollar fine. See tit. 14, § 368.

The defendant was arrested and charged with sauntering and loitering in violation of tit. 14, § 286, and also with drinking an alcoholic beverage on a public way. The defendant claimed his right to a jury trial in the first instance and the case was transferred to the Boston Municipal Court. The defendant then waived his right to a jury trial and filed a motion to dismiss the sauntering and loitering complaint. In his motion to dismiss, the defendant challenged the facial validity of the sauntering and loitering ordinance on the ground that it was void for vagueness under the due process clause of the Fourteenth Amendment to the United States Constitution. He also argued that the statute was overbroad with respect to protected First Amendment conduct. The trial judge denied the motion and the parties submitted the case on a statement of agreed facts.[1] The defendant was found guilty of both charges and fined twenty dollars. He appealed the sauntering and loitering conviction to the Appeals Court. We transferred the case to this court on our own motion. We conclude that the ordinance, as written, is unconstitutionally vague within the meaning of the due process clause of the Fourteenth Amendment in that it fails to give sufficient warning and definition of the proscribed conduct, and promotes arbitrary enforcement. Accordingly, we reverse the judgment without reaching the First Amendment issue.

The principles of the void for vagueness doctrine are well settled in our law.[2] A basic tenet of due process requires that a

---

[1] The facts, which are not germane to the determination of the constitutionality of the ordinance, are set forth as stipulated to by the parties: "On December 2, 1983, at 9 P.M. Boston Police by Officers Charles Johnson and Eugene Wade while on routine patrol saw four black males standing at the corner of Ziegler Street and Warren Street in Roxbury. Some of these individuals were drinking from a bottle of Gordon's Vodka. Arthur Williams was arrested for blocking a free foot passage as were the other three individuals. Mr. Williams was also arrested for drinking an alcoholic beverage while at Ziegler Street and Warren Street, a public way."

[2] The issue whether a statute is void for vagueness is not peculiar to Federal constitutional jurisprudence. Historically, some theorize that the

criminal statute be sufficiently clear to give notice of the pro-
hibited conduct. *Commonwealth* v. *Bohmer*, 374 Mass. 368,
371-372 (1978). A penal statute must "define the criminal
offense with sufficient definiteness that ordinary people can
understand what conduct is prohibited and in a manner that
does not encourage arbitrary and discriminatory enforcement."
*Kolender* v. *Lawson*, 461 U.S. 352, 357 (1983). *Smith* v.
*Goguen*, 415 U.S. 566, 572-573 (1974). See *Commonwealth*
v. *Bohmer, supra.* These standards apply equally to a municipal
ordinance. *Commonwealth* v. *Carpenter*, 325 Mass. 519, 521
(1950). *Papachristou* v. *Jacksonville*, 405 U.S. 156, 162
(1972).

However, proscribed conduct is not always capable of pre-
cise legal definition. *Jaquith* v. *Commonwealth*, 331 Mass.
439, 442 (1954). Accordingly, legislative language need not
be afforded "mathematical precision" in order to pass constitu-
tional muster. *Bohmer, supra* at 372. *Grayned* v. *Rockford*,
408 U.S. 104, 110 (1972). An ordinance is not vague, "if it
requires a person to conform his conduct to an imprecise but
comprehensible normative standard . . . ." *Commonwealth* v.
*Orlando*, 371 Mass. 732, 734 (1977). *Commonwealth* v.
*Adams*, 389 Mass. 265, 270 (1983).

Recently, the United States Supreme Court has focused its
attention in determining vagueness on whether a statute fosters
arbitrary enforcement. *Kolender* v. *Lawson*, 461 U.S. at 358.
If the Legislature fails to set forth minimal guidelines to govern
law enforcement, "a criminal statute may permit 'a standardless
sweep [that] allows policemen, prosecutors, and juries to pur-
sue their personal predilections.' " *Id.* at 358, quoting *Smith*
v. *Goguen*, 415 U.S. at 575. This court has expressed concern
that "[i]t would certainly be dangerous if the legislature could
set a net large enough to catch all possible offenders, and leave
it to the courts to step inside and say who could be

origin of the doctrine stems from the common law practice of a court's
declination to enforce legislation deemed too uncertain. Presently, the doc-
trine is firmly rooted in the Fourteenth Amendment. See Note, The Void-for-
Vagueness Doctrine in the Supreme Court, 109 U. Pa. L. Rev. 67 n.2 (1960).

rightfully detained, and who should be set at large." *Bohmer, supra* at 372, quoting *Smith* v. *Goguen, supra* at 573 n.9.

With the two-prong analysis in mind, we turn to the city of Boston "sauntering and loitering"[3] ordinance, § 286. We note that the mere act of sauntering and loitering on a public way is lawful. *Commonwealth* v. *Carpenter,* 325 Mass. 519, 521 (1950). In *Carpenter,* the court struck down an ordinance as unconstitutionally vague which read: "No person shall, in a street, *unreasonably* obstruct the free passage of foot-travellers, or wilfully and *unreasonably* saunter or loiter for more than seven minutes after being directed by a police officer to move on . . ." (emphasis supplied). Revised Ordinances of Boston c. 40, § 34 (1947). The court invalidated the ordinance for its failure to prescribe a standard that distinguishes "those conditions which convert conduct which is prima facie lawful into that which is criminal." *Carpenter, supra* at 521. It forced both people and law enforcement officers to guess at what type of loitering was "unreasonable."

The Commonwealth argues that § 286 is devoid of the vague and arbitrary language of the 1947 ordinance, and accordingly § 286 affords actual notice of prohibited conduct. We disagree. Section 286 prohibits sauntering and loitering "in such a manner as to obstruct . . . travellers . . . ." This language fails to provide a person of common intelligence with sufficient notice of the offending conduct. *Papachristou, supra* at 162, 164-165.

---

[3] This court had defined "sauntering and loitering" as " 'idling,' 'to be dilatory,' 'to be slow moving,' 'to delay,' 'to linger,' or 'to lag behind.' " *Commonwealth* v. *Carpenter,* 325 Mass. 519, 520 (1950). The city of Boston has endeavored to sanction conduct known as sauntering and loitering for over 100 years. City of Boston, Ordinances, Streets § 52 (1876), read: "Three or more persons shall not stand in a group, or near to each other, on any sidewalk, in such a manner as to obstruct a free passage for foot passengers, for a longer time than twenty minutes, under a penalty of not less than three, nor more than fifty dollars; nor more than five minutes after a request to move on, made by the mayor, or any police officer, under a like penalty."

It is unclear what conduct a person may engage in before it rises to the level of obstructing a traveler.

Furthermore, the ordinance fails to set minimal guidelines to govern law enforcement. *Kolender, supra* at 358. Police do not have a standard by which to distinguish between the lawful conduct of mere sauntering and loitering and that which escalates to obstructing travelers. Thus, the police possess unfettered discretion that could result in arbitrary or discriminatory enforcement. *Grayned* v. *Rockford, supra* at 108-109.

The Commonwealth urges us to cure the ordinance by adopting a limiting construction of the ordinance rather than striking it as a whole. See *Commonwealth* v. *Gallant*, 373 Mass. 577, 581 (1977). They advocate that this court supply words to the ordinance and adopt the Model Penal Code's definition of "obstruct."[4] Where "a statute can be made constitutionally definite by a reasonable construction, the court is under a duty to give it that construction." *Thomas* v. *Commonwealth*, 355 Mass. 203, 207 (1969). However, to supply the suggested language would be to exceed our authority to construe reasonably the ordinance and would result in judicial legislation. See *Smith* v. *Goguen, supra* at 575. We conclude § 286 is void for vagueness. In so doing, we need not reach the First Amendment issue raised by the defendant. See *Kolender, supra* at 361 n.10; *Smith, supra*, 415 U.S. at 568.

The judgment is reversed and the finding is set aside. Judgment is to be entered for the defendant.

*So ordered.*

---

[4] Under the Model Penal Code, " '[o]bstructs' means renders impassable without unreasonable inconvenience or hazard." Model Penal Code § 250.7(1) (Proposed Official Draft 1962). It is clear that the present ordinance was not intended to be limited to such instances.