Fremont-Smith, Thayer, J.
This action arises from the alleged failure of defendant employer Weston Golf Club (‘Weston”) to remit to plaintiff employees Paul Shea (“Shea”) and Beverly Cooney (“Cooney”) service charges included on Weston’s food and beverage bills to its members. Plaintiffs’ complaint alleges: violation of G.L.c. 149, §152A (Count One); violation of G.L.C. 149, §148 (Count Two); violation of G.L.c. 149, §148A (Count Three); quantum meruit (Count Four); intentional interference with contractual relations (Count Five); breach of contract (Count Six); breach of the covenant of good faith and fair dealing (Count Seven); conversion (Count Eight); and, unjust enrichment (Count Nine).
Plaintiffs now move for summary judgment as to Count One. Weston opposes that motion and moves for summary judgment as to Count One and Counts Three through Nine. Also, plaintiffs now ask this Court to recognize, through class certification, that they have brought their claim of a violation of G.L.c. 149, §152A, on behalf of all affected service employees. Weston opposes that motion.
As to Count One, the 1983 version of G.L.c. 149, §152A provided: “If an employer or other person submits a bill or invoice indicating a service charge, the total proceeds of such charge shall be remitted to the employees in proportion to the service provided by them.” A 2004 amendment added the following definition of “service charge”:
[A] fee charged by an employer to a patron in lieu of a tip to any wait staff employee, service employee, or service bartender, including any fee designated as a service charge, tip, gratuity, or a fee that a patron or other consumer would reasonably expect to be given to a wait staff employee, service employee, or service bartender.
As the event in question occurred before 2004, it must be decided whether the 2004 amendment was retroactive. In Cooney v. Compass Group Foodservice, Civil Action No. 023159C, 18 Mass. L. Rptr. 567, 2004 WL 3120562, *2 (Middlesex Super.Ct. Dec. 20, 2004), Judge Lauriat viewed the amendment as intended to clarify the prior language, and applied it retroactively.
Weston admits that it submitted to its members bills including a charge labeled “gratuity/service charge,” and did not remit that money to its employees. Plaintiffs are therefore entitled to summary judgment if the 2004 amendment is not retroactive. Even if the 2004 amendment controls and is construed so as to require plaintiffs to prove that patrons would reasonably expect that the “gratuity/service charge” would be given to wait staff,[2] the label of the fee as a “gratuity/service charge” would indicate, absent contrary evidence, that a patron or other consumer would reasonably have that expectation. Here, however, Weston has submitted no admissible evidence to rebut that conclusion. Weston directs this Court to page nine of the transcript of the deposition testimony of Bryan Richard O’Connell, and to pages fourteen through sixteen of the transcript of the deposition testimony of Domenic Viscione, for the proposition that Weston is a private club whose members knew that the fee labeled “gratuity/service charge” would not be given to service employees. The cited pages, however, are not germane to that proposition. Weston also cites a Weston “memo” entitled “Subject: New Waitstaff Payrates,” but this memo was not addressed to patrons but to “waitstaff and bartenders." In short, there is nothing in the summary judgment record to indicate that Weston’s patrons had any notice that the fee labeled “gratuity/service charge” was going anywhere other than to the service employees.
This Court declines to find the pre-2004 amendment version of the statute to be unconstitutionally vague for failure to define “service charge.” See Commonwealth v. Williams, 395 Mass. 302, 304 (1985) (“[L]egislative language need not be afforded ‘mathematical precision’ in order to pass constitutional muster”). Also, as Shea has testified that he has served food to Weston members, this Court declines to dismiss Shea’s claim on the ground that he was a bartender rather than a food server.
ORDER
Accordingly, after hearing and consideration of the parties’ written submissions, as to Count One, this Court ALLOWS plaintiffs’ motion for summary judgment and DENIES Weston’s motion for summary judg *438 ment as no issue of material fact is raised.[3] This Court DISMISSES Count Three pursuant to plaintiffs’ notice of withdrawal of that claim. Docket #13, pl. opp. mem. at 15 n.14. This Court DENIES Weston’s motion for summary judgment as to Counts Four through Nine because Weston has failed to demonstrate the absence of a genuine issue of material fact.[4]
Pursuant to G.L.c. 149, §150, plaintiffs have claimed, for themselves and for others similarly situated, a violation of G.L.c. 149, §152A; however, this Court DENIES plaintiffs’ motion for class certification because plaintiffs have not addressed the requirements of Mass.R.Civ.P. 23, which governs class certification. Baldassari v. Pub. Fin. Trust, 369 Mass. 33, 39 (1975) (even where there is a separate statutory provision for bringing an action on behalf of others similarly situated, the propriety of a class action is subject to Mass.R.Civ.P. 23).

It is not clear whether this language is intended to apply to “a fee," but not to “a fee designated as a service charge.”

An appeal is pending in Cooney v. Compass, supra. Should the Appeals Court decision shed new light on the issues of this case, the parties may, of course, move this Court for reconsideration of this Order.

However, in view of the Court’s ruling on Count One, these counts appear to be superfluous.