Muse, Christopher J., A.J.

INTRODUCTION

The plaintiffs, who are food and beverage service workers, brought this action against Four Seasons Hotels, LTD. and Four Seasons Massachusetts, Inc. (collectively “Four Seasons”), alleging that the defendants improperly retained service charges included on customer bills for various events held at the Boston hotel in violation of G.L.c. 149, §152A. The parties are now before this Court on cross motions for partial *78 summary judgment as to Count I of the complaint[3] For the reasons set forth below, the plaintiffs’ motion is ALLOWED and the defendants’ motion is DENIED.

BACKGROUND

The plaintiffs are employed in the service of food and beverage by Four Seasons. Prior to October 2002, Four Seasons included an 18-19% “service charge” on food and beverage bills for banquet events. Only 15% of the bill was distributed to the servers while the remainder 3-4% was distributed to managers or retained by Four Seasons. The servers are responsible for setting up tables, getting the dishware ready for a particular event, serving food and beverages to customers, and assisting with cleanup afterwards. Each manager is responsible for supervising the event at the hotel. Four Seasons states that managers, particularly assistant managers, assist with serving food to patrons regularly, while plaintiffs maintain that these managers may have helped out a few times over the course of a year.[4] Following the filing of this lawsuit, Four Seasons changed its bills to use the word “administrative fee” instead of “service charge.”

DISCUSSION

1. Standard of Review
Summary judgment may be granted only when there are no genuine issues of material fact and the party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of Corr., 390 Mass. 419, 422 (1983). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). This has been described as a heavy burden, with any doubts as to the existence of a genuine fact issue to be resolved against the movant. 10A Wright, Miller, and Kane, Federal Practice and Procedure, §2727 at 124-25 (2d ed. 1983) (discussing identical federal rule); see also Willitts v. Roman Catholic Archbishop of Boston, 411 Mass. 202 (1991). The Court is not in a position at this pretrial stage, to weigh evidence, or to assess the credibility of any witness who would testify to a particular fact. Kelly v. Rossi, 395 Mass. 659, 663 (1985). Nor should a court grant summary judgment to a party “merely because the facts he offers appear more plausible than those tendered in opposition, or because it appears that the adversary is unlikely to prevail at trial.” Hayden v. First National Bank, 595 F.2d. 994, 997 (5th Cir. 1979), quoted with approval in Attorney General v. Bailey, 386 Mass. 367, 370 (1982).
A party moving for summary judgment who does not bear the burden of proof at trial may demonstrate the absence of a triable issue by showing that the nonmoving party has no reasonable expectation of proving an essential element of its case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716(1991). All the evidence must be viewed in the light most favorable to the non-moving party. Williams v. Hartman, 413 Mass. 398, 401 (1992).

2. G.L.c. 149, §152A

Since the plaintiffs filed their complaint in October 2002, their claims fall under the version of G.L.c. 149, §152A in effect prior to amendment in 2004.[5] That version of the statute states.
No employer or other person shall solicit, demand, request or accept from any employee engaged in the serving of food or beverage any payment of any nature from tips or gratuities received by such employee during the course of his employment, or from wages earned by such employee or retain for himself any tips or gratuities given directly to the employer for the benefit of the employee, as a condition of employment; and no contract or agreement between an employer or other person and an employee providing for either of such payments shall afford any basis for the granting of legal or equitable relief by any court against a party to such contract or agreement. If an employer or other person submits a bill or invoice indicating a service charge, the total proceeds of such charge shall be remitted to the employees in proportion to the service provided by them. Whoever violates any provision of this section shall be punished by a fine of not more than one thousand dollars and the court may require such employer or other person to make restitution for any tips or gratuities accepted or retained by him in violation of this section.
Despite Four Seasons’ contention, this Court declines to find the pre-2004 amendment version of the statute to be unconstitutionally vague for failure to define “employees” and “service” in the second sentence. See Commonwealth v. Williams, 395 Mass. 302, 304, (1985) (“[Legislative language need not be afforded ‘mathematical precision’ in order to pass constitutional muster”). The language of the statute “should be given effect consistent with its plain meaning and in light of the aim of the Legislature unless to do so would achieve an illogical result.” Sullivan v. Town of Brookline, 435 Mass. 353, 360 (2001). The terms “employee” and “service” in the second sentence of Section 152A must be interpreted in conjunction with the entire section, not just the sentence in which they are used, because “[a] general term in a statute . . . takes meaning from the setting in which it is employed.” Kenney v. Bldg. Comm’r of Melrose, 315 Mass. 291, 295 (1943).
Neither the old nor the new version of the statute is the subject of any reported appellate decision. However, there have been instructive Superior Court decisions addressing the very issue before this Court. Williamson v. DT Management Co., Civil No. 02-1827 (Middlesex Super.Ct. March 10, 2004) (Haggerty, J.) [17 Mass. L. Rptr. 606]. See also Calcagno v. High Country Investors, Inc., Civil No. 03-0707, (Essex Super.Ct. December 20, 2005) (Murtagh, J.), and *79 Michalak v. Boston Palm Corp., Civil No. 03-1334 (Suffolk Super.Ct. September 10, 2004) (Hines, J.) [18 Mass. L. Rptr. 460).
In Williams v. DT Management Co., the court noted, “that it would be illogical to interpret the Massachusetts Tips Statute so as to provide protection to employees who serve food and beverages with regards to tip pooling and then to simultaneously say that service charges imposed by the employer can be distributed to virtually any employee, so long as it can be said that they furthered the positive experience of the customer, without any regard to the services actually provided by that employee.” 17 Mass. L. Rptr. 606. The court then concluded that the servers in that case were entitled to the full benefit of any service charges because they were the only employees whose primary duty was to engage in the service of food and beverages. This Court agrees with the analysis in Williamson and concludes that distributing service charges based on an employee’s primary duty is consistent with legislative intent.
The fact that Four Seasons’ philosophy and practice is that its managers should be able to perform all the functions and duties of a banquet server and that managers are “required” to participate in “plating” of food does not change the Court’s decision. Four Seasons contends that these activities entitle them to summary judgment, and then contends that they create genuine issues of fact because plaintiffs assert that managers serve food and beverages to customers at most a “couple of times per year.” (Clifford Dep. at 87.) However, the issue is not whether managers assist in the service of food or how often, but rather what their primary duty is during banquet events. The primary duty of the managers at Four Seasons is to supervise, not to serve food and beverages to patrons. As a result, the plaintiffs are entitled to the full benefit of the service charges.

ORDER

For the foregoing reasons, it is ORDERED that the defendants’ motion for summary judgment is DENIED and plaintiffs motion for summary judgment is ALLOWED.

Nhe parties have limited their cross motions to claims regarding service in the banquet department.

For purposes of this motion, this Court will adopt as tme the fact that managers do assist with the service of food and beverages with some regularity.

After reviewing the current version of G.L.c. 149, §152A, this Court finds that it reinforces this decision.