COMMONWEALTH *vs.* JOSEPH PROTAMI
(and two companion cases).

Bristol.  April 1, 1968. — May 2, 1968.

Present: WILKINS, C.J., WHITTEMORE, KIRK, SPIEGEL, & REARDON, JJ,

*Municipal Corporations*, By-laws and ordinances.

A town by-law prohibiting the maintenance, without authority from the board of selectmen, of more than one unregistered motor vehicle "ungaraged" on premises in a residential district was invalid in that it furnished no standards to guide the board in granting or withholding such authority and left that matter in the unrestrained discretion of the board.

THREE COMPLAINTS received and sworn to in the Third District Court of Bristol on August 26, 1966 and April 27, 1967.

Upon appeal to the Superior Court, questions of law were reported by *Bento, J.*, a District Court judge sitting under statutory authority.

*Raymond A. Letourneau* for the defendant.

*Peter B. Gay*, Assistant District Attorney, for the Commonwealth, submitted a brief.

REARDON, J.  These cases are here on the report of a District Court judge sitting in the Superior Court on misdemeanor appeals.

The agreed facts indicate that the town of Dartmouth on April 5, 1966, enacted a by-law which reads as follows: "No person shall have more than one unregistered car or truck ungaraged on his premises in a residential district, at any time unless authorized by the Board of Selectmen. No unregistered, unsightly car or truck shall be permitted to be stored in the front yard.  Whoever violates the said rules and regulations shall pay a fine of not more than $20.00 for an offense.  Each day during any portion of which a

violation is permitted to exist shall constitute a separate offense." The town adopted this by-law under the authority of G. L. c. 40, § 21, and did not follow the procedures for adopting by-laws defined in G. L. c. 40A. The defendant, who lives in Dartmouth, did maintain on his premises in a residential district without authority from the selectmen more than one unregistered car. It is not shown that any such car was stored in the front yard. On September 1, 1966, in a District Court, he was charged with violation of the by-law on August 6, 1966, and on March 7, 1967, was found guilty and fined $20. He appealed this conviction. On May 10, 1967, he was again before the District Court on 269 complaints charging violation of the by-law, and on May 25, 1967, was found guilty and fined a total of $5,380. The defendant appealed these convictions.

The questions presented in the report are three in number: 1. On April 5, 1966, did the town of Dartmouth have the power to enact this town by-law under the powers conferred by G. L. c. 40, § 21? 2. Is the town by-law properly a matter for zoning and, if so, therefore null and void for failure to comply with c. 40A? 3. Is the fine of $5,400 in violation of c. 40, § 21, calling for a maximum fine of $50 for each offence?

Without discussion of other possible questions of validity of the by-law presented by the report, it suffices to say that in our opinion the by-law falls because its enforcement is left to the exercise of the unrestrained discretion of the selectmen. The by-law contains no guide to which they may look for instruction or by which they may govern their action in granting or withholding authority under its provisions. The landowner is deprived of any basis on which he might appeal for some determination of the propriety of the conduct of the selectmen in withholding authority allowing him to park more than one unregistered car on his land. Assuming the object of the by-law to have been reasonable, the attempt which it makes to leave a grant of authority to the unbridled fiat of the selectmen invalidates it. *Kilgour* v. *Gratto,* 224 Mass. 78, 81. *Goldstein* v. *Conner,*

212 Mass. 57, 59. *North Reading* v. *Drinkwater*, 309 Mass. 200, 204.

In view of our disposition it becomes unnecessary to answer the three questions categorically.

*Judgments for the defendant.*