COMMONWEALTH *vs.* WAYNE T. STARK.

Hampshire.    November 6, 1972. — April 26, 1974.

Present: TAURO, C.J., REARDON, HENNESSEY, KAPLAN, & WILKINS, JJ.

*Flag.    Constitutional Law*, Police power.

This court reversed a conviction under G. L. c. 264, § 5, as amended by
St. 1959, c. 59, § 4, for treating contemptuously the flag of the United
States in view of the majority opinion of the Supreme Court of the
United States in *Smith* v. *Goguen*, 415 U.S. 566, that the provision of
the statute punishing such conduct was unconstitutionally
vague. [195-196] KAPLAN, J., concurring in the result.

COMPLAINT received and sworn to in the District Court of
Hampshire on June 23, 1970.

Upon appeal to the Superior Court, the case was tried
before *Levine*, J., a District Court judge sitting under
statutory authority.

*Stephen W. Silverman* for the defendant.

*John M. Callahan*, District Attorney, for the Com-
monwealth.

TAURO, C.J. On June 22, 1970, the defendant was
arrested and charged with violating G. L. c. 264, § 5, as
amended by St. 1959, c. 59, § 4, to wit: treating con-
temptuously the flag of the United States. The defendant
was tried, convicted and sentenced to two months in the
house of correction, together with a fine of $100. His
exception to the denial of his motion to dismiss is based,
inter alia, on the contention that the statute is un-
constitutionally vague. In view of our holding below we do
not reach the other grounds argued by the defendant for
reversal. The pertinent facts are as follows. At the time of
his arrest, the defendant was wearing an outer jacket on the
back of which was sewn the flag of the United States,
upside down. Testimony indicated that the defendant was

peaceful at the time of his arrest. The defendant's motion for dismissal was denied before trial. The Supreme Court of the United States has spoken on this issue, most recently, in the case of *Smith* v. *Goguen*, 415 U. S. 566 (1974). In that case, the sheriff of Worcester County, Massachusetts, appealed from a judgment of the United States Court of Appeals for the First Circuit holding the contempt provision of the Massachusetts flag misuse statute unconstitutionally vague and overbroad. The Supreme Court of the United States affirmed on the vagueness ground but did not reach overbreadth or other First Amendment grounds. The evidence in the *Goguen* case was that the defendant wore a small version of the United States flag approximately four by six inches sewn on the seat of his trousers. Although we might be inclined to agree with the reasoning in the dissenting views of Chief Justice Burger, Justice Blackmun and Justice Rehnquist, "we do not write on a clean slate." We must follow the mandate of the majority opinion in the *Goguen* case and thus we reverse the conviction of the defendant.

*Exceptions sustained.*

KAPLAN, J., concurs in the result.