OPINION OF THE JUSTICES TO THE HOUSE
OF REPRESENTATIVES.

*Constitutional Law*, Due process of law, Equal protection of laws, Inter-
state commerce.  *Motor Vehicle*, Public Safety.

A pending 1975 legislative act providing that "[n]o motor vehicle capable
of exceeding a speed of ninety-five miles per hour shall be . . . sold,
leased . . . or registered in the Commonwealth" except "motor vehicles
which are exempted . . . by rules and regulations promulgated by the
registrar [of motor vehicles] or which are equipped with a . . . [speed
limiting] device," and further providing that the act shall apply to
motor vehicles manufactured for the model year 1979 and for subse-
quent model years, is designed to promote public safety and is not
unreasonable or arbitrary on its face or inapposite in selection of the
means to attain its objective [825-826]; no violation of the due process,
equal protection or commerce clauses of the Federal Constitution is
apparent [825-827].

On July 29, 1975, the Justices submitted the following
answers to questions propounded to them by the House of
Representatives.

To the Honorable the House of Representatives of the
Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court respectfully
submit these answers to the questions set forth in an order
adopted by the House on May 21, 1975, and transmitted to
us on May 28, 1975. The order recites that there is pending
before the General Court House Bill No. 656, entitled "An
Act regulating the sale, lease, rental and registration of cer-
tain motor vehicles in the commonwealth," and that grave
doubt exists as to its constitutionality if enacted into law. A
copy of the bill was transmitted to us with the order.

Section 1 of the bill would amend G. L. c. 90, § 7, by inserting the following: "No motor vehicle capable of exceeding a speed of ninety-five miles per hour shall be offered for sale, sold, leased, rented or registered in the Commonwealth. The provisions of this section shall not apply to motor vehicles which are exempted from its provisions by rules and regulations promulgated by the registrar or which are equipped with a method device that prevents the vehicle from exceeding a road speed of ninety-five miles per hour on a way with zero per cent grade."

Section 2 of the bill makes § 1 applicable "to motor vehicles manufactured for the model year nineteen hundred and seventy-nine and for subsequent model years."

The questions are:

"1. Would the enactment of House, No. 656 which prohibits the sale, lease, rental or registration of a motor vehicle capable of exceeding a speed of ninety-five miles per hour, unless such vehicle is equipped with a device limiting the speed to ninety-five miles per hour, be unreasonable and arbitrary and an improper exercise of the regulatory powers of the commonwealth and therefore violate the due process and equal protection clause of the Fourteenth Amendment to the Federal Constitution?

"2. Would the enactment of said bill which would restrict the sale, lease and rental of certain motor vehicles in this commonwealth be an impairment of interstate commerce and therefore be a violation of the commerce clause of the Federal Constitution?"

In response to our invitation to interested persons to file briefs, a brief was filed on behalf of the Massachusetts State Automobile Dealers Association, Inc.

1. *The Fourteenth Amendment.*

a. *Due process.* On its face the object of the bill is to promote public safety by limiting vehicular speed. This is a

permissible legislative objective. *General Outdoor Advertising Co. Inc.* v. *Department of Pub. Works,* 289 Mass. 149, 180-182 (1935), and cases cited. *Commonwealth* v. *Howie,* 354 Mass. 769 (1968), cert. den. 393 U. S. 999 (1968). Ninety-five miles an hour is far in excess of any speed limit set for any highway in the Commonwealth. Cf. G. L. c. 90, § 17, as amended through St. 1975, c. 173, § 1. Thus the proposed restriction contemplates no radical change in driving speeds; it seems rather to reinforce existing restrictions.

On the other hand, if the effect on the public safety is slight, the cost may be excessive in relation to the benefit. It is argued that compliance by manufacturers will involve substantial costs in research, development, plant and tools, ultimately paid for in the price of the product paid by the great majority of owners who never approach a speed of ninety-five miles an hour. Compliance by means of a "device" such as a speed governor, it is said, will make the vehicle more complex and repair and maintenance more difficult, and such devices can be defeated by the owner. It is also suggested that compliance will have detrimental effects on the environment through vehicle emissions and on gasoline consumption.

These contentions involve factual assumptions which are not a proper subject for judicial notice. "To succeed" in such contentions, parties "must establish with some precision the facts upon which their contentions depend" and that the statutory requirements "produce the consequences said to be invalid." *O'Brien* v. *State Tax Commn.* 339 Mass. 56, 67 (1959). The consideration of the costs and benefits of proposed legislation is peculiarly a matter for the Legislature. We cannot say that the bill is unreasonable or arbitrary on its face or that the means selected have no real or substantial relation to the object sought to be attained. "It is not our function to consider the expediency of an enactment or the wisdom of its provisions." *Commonwealth* v. *Henry's Drywall Co. Inc.* 366 Mass. 539, 544 (1974), and cases cited.

It is also argued that the provision for exemptions by rules and regulations of the registrar is invalid because no guidelines or standards are set forth. Cf. *Commonwealth v. Protami*, 354 Mass. 210, 211 (1968), holding a town by-law invalid on this ground. We are not prepared to say that there is a denial of due process in a provision for exemption by a rule or regulation which is subject to the State Administrative Procedure Act, G. L. c. 30A. See *Corning Glass Works* v. *Ann & Hope, Inc. of Danvers*, 363 Mass. 409, 421-422 (1973), and cases cited; Davis, Administrative Law, § 2.00-5 (1970 Supp.); Cooper, State Administrative Law, 91 (1965). Cf. *Attorney Gen.* v. *Old Colony R.R.* 160 Mass. 62, 89 (1893); *Commonwealth* v. *Hyde*, 230 Mass. 6, 8 (1918); *Commonwealth* v. *Diaz*, 326 Mass. 525, 527-528 (1950).

b. *Equal protection.* In the area of public safety, as in the area of economic regulation, "the equal protection clause does not justify review of the wisdom, need or appropriateness of legislation any more than does the due process clause." *Mobil Oil Corp.* v. *Attorney Gen.* 361 Mass. 401, 417 (1972). *Commonwealth* v. *Henry's Drywall Co. Inc.* 366 Mass. 539, 545 (1974). We think the reasons are obvious enough for limiting application of the bill to motor vehicles manufactured for the 1979 and later model years. The limitation to vehicles offered, sold, leased or registered in the Commonwealth may have been thought essential to avoid burdening interstate commerce. Cf. *Opinion of the Justices*, 251 Mass. 569, 602-603 (1925); *Cyr* v. *Farias*, 367 Mass. 720, 724-725 (1975). We see no denial of equal protection of the laws.

We answer question 1, "No."

2. *Burden on interstate commerce.* The bill in no way discriminates against interstate commerce. "Few subjects of state regulation are so peculiarly of local concern as is the use of state highways." *South Carolina State Hy. Dept.* v. *Barnwell Bros. Inc.* 303 U. S. 177, 187 (1938). State legislation in the field of safety is particularly appropriate. See *Southern Pac. Co.* v. *Arizona ex rel. Sullivan*, 325 U. S. 761,

783 (1945); *Pike* v. *Bruce Church, Inc.* 397 U. S. 137, 143 (1970). There is no showing here that the incidental burden imposed on interstate commerce is "clearly excessive in relation to the putative local benefits." *Pike* v. *Bruce Church, Inc.* 397 U. S. at 142. Cf. *Bibb* v. *Navajo Freight Lines, Inc.* 359 U. S. 520, 529 (1959). The bill does not on its face violate the commerce clause.

We answer question 2, "No."

> G. JOSEPH TAURO
> PAUL C. REARDON
> FRANCIS J. QUIRICO
> ROBERT BRAUCHER
> EDWARD F. HENNESSEY
> BENJAMIN KAPLAN
> HERBERT P. WILKINS