OPINION OF THE COURT
Louis B. Scheinman, J.
This is an appeal from a conviction of defendant in the Village of Monticello Justice Court. The question involved is the constitutionality of a village ordinance.
Defendant was arrested on June 15, 1981 and charged with a violation of section 39-3 of the Village of Monticello Code, entitled: “Possession of an Open Container of Alcoholic Beverage.”
A motion to dismiss on constitutional grounds was denied, whereupon defendant pleaded on February 9, 1982 and was sentenced to a conditional discharge. This appeal ensued.
The accusatory instrument charged that at a certain time and place the defendant “did have in his hand a can of beer with a straw in it, and did hand same to second subject named [Albert Woodard] [sic] who drank from same and threw on ground.”
The conviction is affirmed, and the statute held constitutional.
*978 Section 39-3 of the Village of Monticello Code reads as follows: “No person shall have in his possession within the Village of Monticello, an open or unsealed bottle or container of an alcoholic beverage while such person is in any public place, including, but not limited to, any public highway, public street, public sidewalk, public alley, public parking lot, or area, except for locations licensed for the sale of alcoholic beverages by the State of New York and the DeHoyos Park Pavillion Area, when such area is being used with the approval of the Village authorities involved.”
This section is part of a statutory scheme whereby the village seeks to discourage unruly and offensive conduct occasioned by consumption of alcoholic beverages in its public places.
Section 39-1 of said ordinance prohibits the consumption of alcoholic beverages in public places by providing: “No person shall drink or consume an alcoholic beverage on any public street, public sidewalks or public parking area within the Village limits of the Village of Monticello.”
Section 39-2 of the Village of Monticello Code provides for a fíne not to exceed $250 or imprisonment up to 15 days, or both, for violation of said ordinance. Thus we can discern the obvious statutory scheme of these three sections in the village code that the target conduct sought to be eliminated in public places is the consumption of alcoholic beverages. The section prohibiting possession of an open or unsealed bottle or container of an alcoholic beverage in a public place makes unlawful the facilitation of public consumption, as here. Also, the difficulty in the police actually observing the consumption is recognized and enforcement of the anticonsumption objective made easier. This court is satisfied that the clear intent of the “possession” section is to prohibit possession with the intent of the possessor or another to consume in one of the proscribed public places.
Appellant argues that the statute is unconstitutionally vague and, when read literally, criminalizes conduct which an ordinary citizen could not reasonably understand to be proscribed. He also argues that the statute is not worded so as to prevent arbitrary or discriminatory enforcement by police, Judges and juries.
*979 In the case of People v Diaz (4 NY2d 469), a statute prohibiting loitering was stricken as unconstitutionally vague. The court pointed out (p 471) that the statute made no distinction between conduct calculated to harm and that which is essentially innocent.
On the other hand, in the case of People v Pagnotta (25 NY2d 333,. 335) a statute prohibiting loitering in certain described places “for the purpose of unlawfully using or possessing any narcotic drug” was found constitutional against a similar attack.
Although the statute in the case at bar does not specifically provide by its language the proscription of possession “for the purpose of consumption”, such intent in the statute is clear.
This court can construe a statute in such a manner as to, in effect, add legislatively intended, but absent, language in order to meet the constitutional requirement of definiteness. (United States v Harriss, 347 US 612, and, particularly, the cases under n 15, at p 624.)
There is a strong presumption that a statute duly enacted is constitutional, and it has been held that in order to declare a law unconstitutional, the invalidity of the law must be demonstrated beyond a reasonable doubt. (People v Pagnotta, supra; Matter of Van Berkel v Power, 16 NY2d 37, 40.) It is also apparent that the ordinance in question bears some reasonable relation to the public good in seeking to prevent public drunkenness.
Further, the statute was clearly constitutionally applied in the case at bar, the possession of the open container having been for the purpose of consumption in public.
Accordingly, this court construes the ordinance in question as prohibiting possession with intent to consume, and not mere possession without a showing of such intent. The statute was constitutionally applied in the case at bar.
The conviction is affirmed, on the law.