COMMONWEALTH vs. PAUL R. LAMMI, JR.

Worcester.  March 2, 1982. — May 19, 1982.

Present: HENNESSEY, C.J., ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Municipal Corporations*, By-laws and ordinances.  *Alcoholic Liquors*, Possession of opened bottle.  *Constitutional Law*, Police power.

An ordinance of the city of Fitchburg making it a criminal offense to possess "an opened container full or partially full of any alcoholic beverages" in a public place is not on its face unconstitutionally overbroad.  [300-302]

COMPLAINT received and sworn to in the Fitchburg Division of the District Court Department on October 2, 1980.

On appeal to the Central Worcester Division, a motion to dismiss was heard by *Carroll, J.*

After review was sought in the Appeals Court, the Supreme Judicial Court ordered direct appellate review on its own initiative.

*Lynn Morrill Turcotte,* Assistant District Attorney, for the Commonwealth.

*James J. Brady* for the defendant.

NOLAN, J.  The defendant was charged with violating c. 14, § 14-29, of the Fitchburg General Ordinances, making it a criminal offense either to drink any alcoholic beverage or to possess "an opened container full or partially full of any alcoholic beverages, while on, in, or upon any public way, upon any way to which the public has right of access, in any place in which members of the public have access as invitees or licensees." [1]

---

[1] The entire text of the ordinance is as follows:  "No person shall drink any alcoholic beverage as defined in Chapter 138, Section 1 of the General Laws of the State, or possess an opened container full or partially full of any alcoholic beverages, while on, in, or upon any public way, upon any

There is no factual dispute. The defendant admits to having an exposed half-pint bottle of Jack Daniels whiskey in his hip pocket on Columbus Street in Fitchburg. Although the cap had been replaced, the bottle was approximately three-quarters empty. That Jack Daniels whiskey is an alcoholic beverage as defined in G. L. c. 138, § 1, everybody in this drama seemed ready to accept as a first principle. The trial judge allowed the defendant's motion to dismiss because he ruled the ordinance to be "constitutionally overbroad." The Commonwealth appealed pursuant to Mass. R. Crim. P. 15 (a) (1) and (3), 378 Mass. 882 (1979). We reverse the ruling dismissing the complaint.

The Legislature has given cities and towns the power to enact ordinances, "as they may judge most conducive to their welfare." G. L. c. 40, § 21, as amended through St. 1977, c. 401, § 1. See also G. L. c. 40, § 1. The only limitation on this power is that such ordinances be reasonable, *Greene* v. *Mayor of Fitchburg*, 219 Mass. 121, 123 (1914), and "not repugnant to law," G. L. c. 40, § 21. Therefore, neither good sense, practical wisdom, nor the court's idea of a paradigmatic city ordinance should be considered in evaluating the constitutionality of an ordinance. Whether the ordinance is wise or effective is not within the province of this court. See *Ferguson* v. *Skrupa*, 372 U.S. 726, 728-730 (1963). We spoke to this very issue recently in *Shell Oil Co.* v. *Revere*, 383 Mass. 682, 687 (1981): "Our deference to legislative judgments reflects neither an abdication of nor unwillingness to perform the judicial role; but rather a recognition of the separation of powers and the 'undesirability of the judiciary substituting its notions of correct policy for that of a popularly elected Legislature.' *Zayre Corp.* v. *Attorney Gen.*, 372 Mass. 423, 433 (1977)."

---

way to which the public has right of access, in any place to which members of the public have access as invitees or licensees, in any park or playground, conservation area or recreation area, on private land or place without consent of the owner or person in control thereof.

"Any person convicted of violating this ordinance shall be punished by a fine not exceeding TWO HUNDRED ($200.) DOLLARS for each offense."

The judge perceived no problem with the first part of the ordinance which punishes the act of drinking an alcoholic beverage on a public way. We also find no difficulty with this part of the ordinance.

The second part of the ordinance which makes it a criminal offense to possess an opened container full or partially full of an alcoholic beverage gives us occasion to pause. We would find it somewhat less troublesome if the adjective "open" were used in place of the past participle "opened" to modify "container."

However, we shall indulge every rational presumption in favor of its validity and "it will not be denounced as contrary to the Constitution unless its language is so clear and explicit as to render impossible any other reasonable construction." *Commonwealth* v. *O'Neil*, 233 Mass. 535, 540-541 (1919).

General Laws c. 40, § 21 (1), empowers cities and towns to enact ordinances "[f]or directing and managing their prudential affairs, preserving peace and good order . . . ." A fair reading of this ordinance demonstrates that its purpose is the preservation of good order and peace. It is not targeted on mere possession, but possession of an alcoholic beverage in a public place in a condition which would permit its speedy consumption. Cf. *Commonwealth* v. *Kozlowsky*, 243 Mass. 538, 541 (1923). Historically, the public possession and public use of intoxicating liquors has been the subject of local by-laws and ordinances because of the abiding potential for mischief which the abuse of liquor carries. See *Commonwealth* v. *Baronas*, 285 Mass. 321, 322-323 (1934), and cases cited therein.

The selection of "opened" suggests (and the Commonwealth so concedes) that the ordinance punishes the possession of a bottle or can which at some time in the past had been opened but is being carried in a capped, corked or covered condition. Even an individual with a sluggish imagination can foresee unsatisfactory results from zealous police work in enforcing this ordinance under this interpretation. However, we do not pass on hypothetical applications of the

law which might render the ordinance overbroad; we rule only on its facial constitutionality. See *Boston Licensing Bd.* v. *Alcoholic Beverages Control Comm'n*, 367 Mass. 788, 794 (1975), quoted with approval in *Commonwealth* v. *Sees*, 374 Mass. 532, 535 (1978).

On these facts, we hold that the ordinance survives a broad facial constitutional attack. The judge's allowance of the motion to dismiss is reversed.

*So ordered.*