COMMONWEALTH *vs.* BERNARD A. FOSSA. No. 90-P-646. August 21, 1991. *Municipal Corporations*, By-laws and ordinances. *Constitutional Law*, Equal protection of laws. *Due Process of Law*, Vagueness of ordinance. *Words*, "Junked," "Inoperative."

Bernard Fossa collects old automobiles, but in such fashion as caused him to be charged with transgressing c. 172, § 172-4, of the Fitchburg General Ordinances, which prohibits keeping "junked" or "inoperative" vehicles in the open. A District Court jury of six convicted Fossa of violating § 172-4, a misdemeanor, for which Fossa incurred a fine of $500,[1] along with a surfine of $125 and a victim witness fee of $30. In his appeal, Fossa argues that the ordinance suffers from an array of constitutional infirmities: the ordinance violates the equal protection clause of the Fourteenth Amendment to the United States Constitution; the ordinance is so vague as to deprive him of due process of law; the ordinance deprives him of the use of private property; and that the ordinance does not have a rational basis. We affirm.

During his lifetime (he was 69 at trial) Fossa has been a car salesman, an avid collector of cars and car memorabilia, and a member of various automobile clubs. At the time he was notified of violation of § 172-4, Fossa had approximately seventeen cars parked on private property owned by his brother and sister. Several were in view from public streets and neighbors' properties. The oldest car was a 1935 Ford. There was a 1939 Lincoln Zephyr, a 1952 Jaguar, and a Volkswagen Beetle. The antiquity of some of the other cars moldering on the family property was doubtful. Most had been driven infrequently. Many of the cars had no air in their tires or had no tires.

The ordinance in question provides: "No person shall park, store, leave or permit the parking, storing or leaving of any motor vehicle of any kind which is in an abandoned, wrecked, dismantled, inoperative, rusted, junked or partially dismantled condition, whether attended or not, upon any private property within the city for a period of time in excess of ten (10) days. The presence of an abandoned, wrecked, dismantled, inoperative, rusted, junked or partially dismantled vehicle, or parts thereof, on private property is hereby declared a public nuisance which may be abated as such in accordance with the provisions of this section. This section shall not apply to any vehicle enclosed within a building on private property or to any vehicle held in connection with a business enterprise lawfully licensed by the city and properly operated in the appropriate business zone, pursuant to the zoning laws of the city."

Part one of Fossa's pro se brief argues that the Fitchburg ordinance arbitrarily prohibits him from using his private property in a safe and law-

---

[1] Section 172-6 B of the Fitchburg ordinances provides for a fine of not less than $50 nor more than $500 for the first offense. The amount of the fine is not contested.

ful manner. We read that as a contention that he is deprived of equal protection of the laws. But the very point of the statute is to prohibit uniformly the outdoor storage of automobiles, without regard to particular reasons an owner of cars may have for keeping them around. In this respect, the Fitchburg ordinance is valid for the very reason that a Dartmouth by-law (directed to a similar purpose) was declared invalid in *Commonwealth* v. *Protami*, 354 Mass. 210, 211 (1968). The latter prohibited outdoor car storage "unless authorized by the Board of Selectmen." It was the unrestrained discretion of the selectmen that made the Dartmouth by-law unlawful.

As to the underlying objective of the Fitchburg ordinance, preventing persons from keeping derelict cars, it is consistent with the power of municipalities under G. L. c. 40, § 21 (1988 ed.), to adopt ordinances or by-laws "as they may judge most conducive to their welfare." See *Commonwealth* v. *Lammi*, 386 Mass. 299, 300 (1982). The rationale for the ordinance in this case is fairly obvious: derelict cars are to many unsightly and, apart from being visual nuisances, may attract other nuisances.

The only other point made by the defendant which warrants a response is that the ordinance is unacceptably vague. Compared to the somewhat similar ordinance held sufficient in *Commonwealth* v. *Brask*, 354 Mass. 415, 417 (1968), the Fitchburg ordinance is sufficiently precise. The statutory words, "junked," "inoperative," "rusted," "dismantled" convey well recognized meaning. *Id.* at 419. When afforded the presumption of validity to which municipal laws are entitled against a claim of unconstitutional vagueness, *Commonwealth* v. *Caldwell*, 25 Mass. App. Ct. 91, 97 (1987), the ordinance in question handily survives judicial scrutiny. Compare *Commonwealth* v. *Carpenter*, 325 Mass. 519, 521 (1950); *American Dog Owners Assn., Inc.* v. *Lynn*, 404 Mass. 73, 78-79 (1989).

*Judgment affirmed.*

*Bernard A. Fossa*, pro se.

*Claudia R. Sullivan*, Assistant District Attorney, for the Commonwealth.