COMMONWEALTH *vs.* BERNADETTE CASEY.

No. 96-P-486.

Worcester. October 17, 1996. - April 23, 1997.

Present: KASS, IRELAND, & GREENBERG, JJ.

*Due Process of Law,* Vagueness of ordinance. *Municipal Corporations,* By-
laws and ordinances. *Alcoholic Liquors,* Possession of opened bottle.

A municipal ordinance making it a criminal offense to possess an "opened
container full or partially full of any alcoholic beverages, while on, in or
upon any public way" is not unconstitutionally vague as applied to the
conduct of an intoxicated person driving a motor vehicle with a half-
empty, capped bottle of liqueur in an insulated bag between the front
seats of the vehicle [513-516], nor was the ordinance overbroad
[516].

COMPLAINT received and sworn to in the Fitchburg Divi-
sion of the District Court Department on September 20, 1994.

A motion to dismiss was heard by *Andre A. Gelinas,* J.,
and the case was heard by *Patrick A. Fox,* J.

*John A. Bosk* for the defendant.

*Kennera M. McSherry,* Assistant District Attorney, for the
Commonwealth.

GREENBERG, J. Bernadette Casey, the defendant, concedes
that, before a Fitchburg police officer found her seated inside
her car parked across from city hall, she had been driving
under the influence of intoxicating liquor. The question she
raises on appeal is whether she could properly be prosecuted
for violation of § 56-1 of the Fitchburg General Ordinances,
making it a criminal offense to possess an "opened container
full or partially full of [an] alcoholic beverage . . . ." Casey
was convicted of violating that ordinance. Prior to trial, the
defendant moved for dismissal of the complaint "[o]n
constitutional grounds. . . ." A District Court judge denied
the motion and, after a jury-waived trial before a different
judge, the defendant was found guilty.

At issue is not whether § 56-1 is facially unconstitutional — that challenge was rejected in *Commonwealth* v. *Lammi*, 386 Mass. 299 (1982)[1] — but whether the ordinance is unconstitutionally vague as applied to the defendant's conduct. She contends that her motion to dismiss the complaint should have been allowed because the ordinance was not "sufficiently clear to give notice of the conduct that it prohibits," *Commonwealth* v. *Bohmer*, 374 Mass. 368, 371 (1978), and cases cited, or, that it should be declared "overbroad as applied" in this case.

There is agreement concerning the underlying events. Casey drew the attention of an off-duty Fitchburg police officer when she nearly struck the back end of his car as he drove along Main Street. Fortunately she missed causing an accident and pulled into a nearby parking space. Two pedestrians saw her walking around her vehicle as if intoxicated. In fact she was drunk and she passed out on the sidewalk. By the time an ambulance crew arrived to assist, she had managed to get back inside her car but appeared "totally incoherent." Just after the crew removed her from the scene and took her to the hospital, another officer, who was sent to inventory the vehicle, found an insulated bag between the front seats. Inside the bag he found ice cubes around a half-empty, capped bottle of "Sambuca" liquor. The officer seized the bottle as part of the inventory, and then called for a tow truck.

The defendant argues that the ordinance is vague as it did not fairly place her on notice that a judge could find the act of placing a capped bottle of liquor, inside a receptacle, between the seats of her car to be criminal. In particular, she

---

[1] The text of the Fitchburg ordinance in the case at bar and the one analyzed in *Lammi* are virtually the same, although the ordinances are now numbered differently. It reads, in its entirety, as follows:

"§ 56-1. Consumption and possession."

"No person shall drink any alcoholic beverage as defined in G. L. c. 138, § 1, or possess an opened container full or partially full of any alcoholic beverages, while on, in or upon any public way, upon any way to which the public has right of access, in any place to which members of the public have access as invitees or licensees, in any park or playground, conservation area or recreation area or on private land or place without consent of the owner or person in control thereof."

contends that the city of Fitchburg intended the ordinance as written, to be enforced against persons who actually engage in public drinking or literally have an open container of alcohol on their persons while in or on a public way.

Determining whether a statute or ordinance survives a vagueness challenge involves the application of settled principles. See *Commonwealth* v. *Benoit*, 26 Mass. App. Ct. 641, 646 (1988). A statute defining a criminal offense violates due process when the conduct prohibited or commanded is expressed in terms "so vague that [persons] of common intelligence must necessarily guess at its meaning and differ as to its application. . . ." *Connally* v. *General Constr. Co.*, 269 U.S. 385, 391 (1926). See also *Commonwealth* v. *Walter*, 388 Mass. 460, 465 (1983). On the other hand, "the Constitution does not require impossible standards, that [are violated by] mere difficulty in determining whether certain marginal offences are within the meaning of the language under attack as vague . . . ." *Commonwealth* v. *Jarrett*, 359 Mass. 491, 496 (1971). Another principle involved in the determination as to whether a statute survives a vagueness challenge allows a court to go beyond the words of the statute. "A sufficiently definite warning may be achieved by judicial construction, common law meaning, or the statutory history of particular terms." *Commonwealth* v. *Gallant*, 373 Mass. 577, 581 (1977). Courts have upheld vagueness challenges against statutes susceptible of varying interpretations depending upon the individual, or which vest total discretion in the hands of the police. See *Kolender* v. *Lawson*, 461 U.S. 352, 358-361 (1983) (statute requiring individual to provide "credible and reliable" identification when requested by police officer rests excessive discretion in hands of police to determine whether individual has complied); *Commonwealth* v. *Carpenter*, 325 Mass. 519, 520 (1950) (statute directing that "[n]o person shall, in a street . . . unreasonably saunter or loiter for more than seven minutes after being directed by a police officer to move on" forced both public and law enforcement officers to guess at meaning of "unreasonable"); *Commonwealth* v. *Stark*, 365 Mass. 195 (1974) (statute making it criminal to "treat contemptuously" the flag of the United States); *Commonwealth* v. *Sefranka*, 382 Mass. 108 (1980) (prohibition against "lewd, wanton and lascivious" speech or behavior meaningless without attendant definitions of specific conduct

proscribed); *American Dog Owners Assn., Inc.* v. *Lynn*, 404 Mass. 73 (1989) (ordinance restricting ownership of certain breed of dog vague because it left law enforcement officials without ascertainable standards by which to enforce it). These standards apply equally to municipal ordinances. *Commonwealth* v. *Williams*, 395 Mass. 302, 303-304 (1985).

While the ordinance in the case at bar could have been drafted with greater precision to prohibit possession of an opened container with ready availability to consume, such conduct may be fairly understood.[2] If the meaning of a statute can be ascertained by "reference to similar or related statutes," it is not vague. *Commonwealth* v. *Arthur*, 420 Mass. 535, 539 (1995). Indeed, G. L. c. 90, § 24I, inserted by St. 1982, c. 373, § 10, proscribes operation of a motor vehicle on a public way "while drinking from an 'open' container of any alcoholic beverage." We believe persons of "common intelligence" would understand that the ordinance subjects them to prosecution if they operate a motor vehicle and store a half-empty and unsealed bottle of liquor within easy reach. The ordinance was validly applied in this instance because the defendant's conduct was within a prohibited "core of condemned conduct" well understood by the ordinary citizen.[3] See *Commonwealth* v. *Love*, 26 Mass. App. Ct. 541, 545

---

[2] "[E]ven a vague statute may be made constitutionally definite by giving it a reasonable construction." *Commonwealth* v. *Arthur*, 420 Mass. 535, 539 (1995).

[3] Few jurisdictions have had occasion to address vagueness challenges to open container laws. Of those that have, none has ever declared the law vague. In those cases, the particular ordinances were either written with greater exactitude than is the Fitchburg ordinance, or the court construed the statute so as to give it definiteness. See *People* v. *Souza*, 15 Cal. App. 4th 1646, 1651 (1993) (statute made it unlawful to "keep in a motor vehicle, when the vehicle is upon any highway, any bottle, can, or other receptacle containing any alcoholic beverage which has been opened, or a seal broken, or the contents of which have been partially removed, unless the container is kept in the trunk of the vehicle, or kept in some other area of the vehicle not normally occupied by the driver or passengers, if the vehicle is not equipped with a trunk. . ."); *Lyons* v. *Suttle*, 209 Kan. 735 (1972) (defendant arrested while transporting open container in car, pursuant to statute specifically limited to possession of open containers of alcohol in a vehicle); *Lake Charles* v. *Henning*, 414 So. 2d 331, 334 (La. 1982) (statute prohibiting "opened container," including specific section defining the term, applied to mere possession within "common meaning and understanding"); *People* v. *Lee*, 113 Misc. 2d 977, 979 (N.Y. County Ct.

(1988); *Commonwealth* v. *Benoit,* 26 Mass. App. Ct. at 646.[4]

The defendant's use of the overbreadth doctrine to assert her rights under the Fourth Amendment to the United States Constitution and art. 14 of the Massachusetts Declaration of Rights is misplaced.[5] The test is a cognate yet separate analysis from the "vagueness" theory. A statute may be clear and precise but may be overbroad because it prohibits constitutionally protected conduct. *Commonwealth* v. *A Juvenile,* 368 Mass. 580, 586 n.4 (1975). See Smith, Criminal Practice & Procedure § 6 (2d ed. 1983). Overbreadth challenges are by nature facial challenges. Courts created the overbreadth doctrine to provide a forum for "those who desire to engage in legally protected expression but who may refrain from doing so rather than risk prosecution. . . ." *Brockett* v. *Spokane Arcades, Inc.,* 472 U.S. 491, 503 (1985). When the language of a statute threatens rights protected by the First Amendment to the Constitution of the United States, a litigant against whom the statute has been improperly applied may challenge the constitutionality of the statute for the benefit of those whose expression may be chilled. *Brockett,* 472 U.S. at 503. However, no court, to our knowledge, has declared a statute overbroad on the basis, as argued here, that in applying the law, the police conducted an illegal search and seizure.

---

1982) (where ordinance prohibited possession of "open or unsealed bottle or container of an alcoholic beverage," court rejected vagueness challenge only after construing statute to prohibit "possession with intent to consume, and not mere possession," so as to "add legislatively intended, but absent, language in order to meet the constitutional requirement of definiteness").

[4]Other applications of the ordinance cited by the defendant in her brief do not provide support for her vagueness claim. "The defendant cannot rely on the hypothetical application of [the ordinance] to support her claim . . . ." *Commonwealth* v. *Walter,* 388 Mass. 460, 465-466 (1983). In an attempt to challenge the ordinance as void on its face, the defendant points to various isolated instances where the ordinance was allegedly misapplied. These arguments are unavailing because "[i]n evaluating a statute which does not implicate First Amendment freedoms it is a well established principle that vagueness challenges must be evaluated in light of the facts of the case at hand." *Commonwealth* v. *Adams,* 389 Mass. 265, 271 (1983). *Commonwealth* v. *O'Connor,* 406 Mass. 112, 121 (1989).

[5]The propriety of the warrantless search of her vehicle that led to the seizure of the bottle of "Sambuca" had been presented earlier as a basis for the defendant's motion to suppress.

There was no error in denying the motion to dismiss the complaint.

*Judgment affirmed.*