Whitehead, Howard J., J.
Introduction
The defendant stands charged with the crime of wilfully misleading a criminal investigator. He has moved to dismiss the indictment on the ground that the statute on which it is based is unconstitutional. The Court conducted a hearing on the motion on July 27, 2011. For the reasons stated below, the motion is denied.
The Factual Allegations
The allegations that underlie the indictment are as follows. On July 12, 2009, the defendant, his brother Erais Cruz, and two other men were on board a power boat in the Merrimack River when it collided with another boat on which Juan Guzman was a passenger. Guzman was killed in the collision. The boat on which the defendant was present was owned by his brother and was being operated by the brother at the time of the collision. The men had brought it to the river using an SUV with an attached trailer. After the collision, the brother abandoned the boat and fled the scene with the SUV and the empty trailer.
When the police responded to the collision, the defendant told them that the boat involved was owned and had been operated by a person named “Luis.” At some point thereafter, he was interviewed at the police station. On four occasions he gave false information to the investigators concerning the ownership of the boat, the manner in which it came to be in the river, and the identity of the operator at the time of the collision. Based at least in part on that false information, the officers obtained and executed a search warrant for a vehicle that had no involvement in the incident. The investigation was significantly delayed as a result of the false information.
Discussion
General Laws, c. 268, sect. 13B(l)(c)(iv), the statute under which the defendant was indicted, provides, in relevant part:
Whoever, directly or indirectly, wilfully . . . misleads, intimidates or harasses[1] another person who is ... a person who is furthering a . . . criminal proceeding, including a criminal investigation, grand jury proceeding, trial [or] other criminal proceeding of any type . . . with the intent to impede, obstruct, delay, harm, punish or otherwise interfere thereby, or do so with reckless disregard, with such proceeding shall be punished . . .
The defendant is charged under that portion of the statute that makes it a crime to “mislead” a criminal investigator. He contends that the subject portion is unconstitutional in that it is facially overbroad and vague. “A ‘facial’ challenge in this context, means a claim that the law is ‘invalid in toto—and therefore incapable of any valid application.’ ” Hoffman Estates v. Flipside, Hoffman Estates, 455 U.S. 489, 494, fn.5 (1982).
An overbreadth challenge is generally grounded in the First Amendment. “A law is overbroad ‘if it uses means which sweep unnecessarily broadly and thus invades the area of protected freedoms.’ ” Commonwealth v. Abramms, 66 Mass.App.Ct. 576, 579 (2006) (citations omitted). A vagueness challenge is grounded in the Due Process Clause of the Fourteenth Amendment. “A statute violates due process and is void for vagueness when individuals of normal intelligence must guess at the statute’s meaning and may differ as to its application, thus denying them fair notice of the proscribed conduct. Further, vague statutes may invite ‘arbitrary and erratic arrests and prosecutions’, which also offends due process.” Commonwealth v. Disler, 451 Mass. 216, 223 (2008).
“Overbreadth challenges are, by nature facial challenges. Courts created the overbreadth doctrine to provide a forum for ‘those who desire to engage in legally protected expression but who may refrain from doing so rather than risk prosecution ...’’’ Common *547 wealth v. Casey, 42 Mass.App.Ct. 512, 516 (1997), quoting, Brockett v. Spokane Arcades, Inc., 472 U.S. 491, 503 (1985). Facial challenges on vagueness grounds are generally not permitted. “(I]n evaluating a statute which does not implicate First Amendment freedoms it is a well established principle that vagueness challenges must be evaluated in light of the facts of the case at hand.” Id. at fn. 4 (citations omitted). However, although vagueness and overbreadth are separate concepts the Supreme Court has stated, “[W]e have traditionally viewed [them] as logically related and similar doctrines.” Id. Thus, there may be situations where a criminal defendant clearly falls within the proscriptions of the relevant statute, such that he may not prevail on a claim of facial vagueness, but, because the statute, by virtue of its vagueness also threatens First Amendment rights, he may bring a facial overbreadth challenge. Commonwealth v. Bohmer, 374 Mass. 368, 371, fn.6 (1978). See also Hoffman Estates, supra at 494, fn.6.
In Broaderick v. Oklahoma, 413 U.S. 601, 612-13 (1973), the Supreme Court of the United States said, of facial overbreadth challenges:
Such [challenges] . . . have been entertained in cases involving statutes which, by their terms, seek to regulate “only spoken words.” In such cases, it has been the judgment of this Court that the possible harm to society in permitting some unprotected speech to go unpunished is outweighed by the possibility that protected speech of others may be muted and perceived grievances left to fester because of the possible inhibitory effects of overly broad statutes . . .
* * *
Application of the overbreadth doctrine [in the context of a facial challenge] is strong medicine. It has been employed by the Court sparingly and only as a last resort... [OJverbreadth claims, if entertained at all, have been curtailed when invoked against ordinary criminal laws that are sought to be applied to protected conduct.
(Citations omitted.) The Court went on to state:
It remains a “matter of no little difficulty” to determine when a law may properly be held void on its face and when “such summary action” is inappropriate. But the plain import of our cases is, at the very least, that facial overbreadth adjudication is an exception to our traditional rules of practice and that its function, a limited one at the outset, attenuates as the otherwise protected behavior that it forbids the State to sanction moves from “pure speech” toward conduct and that conduct—even if expressive—falls within the scope of otherwise valid criminal laws that reflect legitimate state interests in maintaining comprehensive controls over harmful, constitutionally unprotected conduct. Although such laws, if too broadly worded, may deter protected speech to some unknown extent, there comes a point where that effect—at best a prediction—cannot, with confidence, justify invalidating a statute on its face and so prohibiting a State from enforcing the statute against conduct that admittedly is within its power to proscribe.
413U.S. 615 (citations omitted). The Court concluded, “To put the matter another way, particularly where conduct and not merely speech is involved, we believe that the overbreadth of a statute must not only be real, but substantial as well, judged in relation to the statute’s plainly legitimate sweep.” Id (emphasis supplied) .
The Court has outlined the framework in which facial overbreadth and vagueness claims should be analyzed, as follows:
In a facial challenge to the overbreadth and vagueness of a law, a court’s first task is to determine whether the enactment reaches a substantial amount of constitutionally protected conduct. If it does not, then the overbreadth challenge must fail. The court should then examine the facial vagueness challenge and, assuming the enactment implicates no constitutionally protected conduct, should uphold the challenge only if the enactment is imper-missibly vague in all of its applications. A plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others. A court should examine the complainant’s conduct before analyzing other hypothetical applications of the law.
Hoffman Estates, supra at 499 (footnotes omitted). It is within that framework that this Court evaluates the instant defendant’s claims.
The activity which the statute here in question makes criminal is the act of wilfully misleading a criminal investigator with the intent to interfere with a criminal investigation or other proceeding. The defendant asserts that the statute captures words or actions that might be protected by the First Amendment. This Court disagrees. First, the Court notes that the statute is not directed purely at speech but at conduct that might include speech. However, even if it were directed at pure speech, “[t]here is no constitutional value in false statements of fact . . . They belong to that categoiy of utterances which ‘are no essential part of any expression of ideas, and are of such slight social value as a step to truth that any benefit that may be derived from them is clearly outweighed by the social interest in order and morality.’ ” Gertz v. Robert Welch, Inc., 418 U.S. 323, 340 (1974), citing, Chaplinsky v. New Hampshire, 315 U.S. 568, 572 (1942).Thus, the act of misleading a criminal investigator, whether it be in the form of speech or otherwise, simply lies outside of the protections of the First Amendment, especially when the act is undertaken wilfully and with the intent to interfere with an investigation. Compare Commonwealth v. Bohmer, *548 supra at 374-75 (G.L.c. 272, sect. 40, making it a crime to “interrupt” or “disturb” a school, held not unconstitutionally overbroad, even though the conduct constituting the disturbance may constitute political speech—the Court stating, “No constitutional protection extends to conduct, whether it be expressive or otherwise, that materially obstructs the operation of the schools”). See also Hoffman Estates, supra at 496 (speech proposing an illegal transaction may be banned entirely).
The defendant cites as authority for his contention that the statute is facially overbroad the case of City of Houston v. Hill 482 U.S. 451 (1986). There, the Supreme Court declared facially overbroad a city ordinance that made it unlawful to “oppose, molest, abuse, or interrupt any policeman in the execution of his duty.” However, the basis for the Court’s decision was that there are various forms of “interrupting” a police officer that are within constitutional protection. The Court pointed out that arrests had been made under the ordinance for “talking” to a police officer, for “failing to remain quiet,” for “cursing” and for “yelling,” all of which, in many circumstances would be constitutionally protected. As already discussed, the instant statute appears to implicate no protected conduct. Even if it does, it does not do so in a way that is “real and substantial.”[2] As the Supreme Court has noted, “(E]ven if there are marginal applications in which a statute would infringe on First Amendment values, facial invalidation is inappropriate if ‘the remainder of the statute . . . covers a whole range of easily identifiable and constitutionally proscribable . . . conduct . . .’ ” Parker v. Levy, 417 U.S. 733, 760 (1974). Accordingly, the defendant’s facial overbreadth claim must fail.
This Court turns next to the defendant’s claim of facial vagueness. As the Court has already noted, the defendant cannot succeed on that claim unless the statute is vague “in all of its applications.” In the view of the Court, the prohibitions of the statute “are set out in terms that the ordinary person exercising common sense can sufficiently understand and comply with, without sacrifice to the public interest.” Broaderick v. Oklahoma, supra at 607-08 (citation omitted). The defendant asserts that there is a variety of “misleading” conduct that is seemingly innocuous and occurs on an everyday basis but which police officers might arbitrarily use as justification for a charge under the statute. However, it is not the simple act of misleading that is proscribed. Rather, it is the undertaking of the misleading conduct both “wilfully” and with the specific intent to interfere with an investigation. In that circumstance, “the statute provides a sufficiently clear forewarning of what it proscribes and adequate guidelines for law enforcement purposes.” Commonwealth v. Disler, supra at 224 (citation omitted). See also Screws v. United States, 325 U.S. 91, 101 (1945) ([T]he requirement of a specific intent to do a prohibited act may avoid those consequences to the accused which may otherwise render a vague or indefinite statute invalid”). Contrast Kolender v. Lawson, 461 U.S. 352, 361 (1983) (holding facially vague a statute providing that one who is stopped upon reasonable suspicion must furnish “credible and reliable” information as to his identification: the statute failed to describe with sufficient particularity what a suspect must do in order to satisfy the law and gave the police unguided discretion as to when the crime could be charged).
At the hearing which was conducted on the instant motion, both defense counsel and the Court posited hypothetical scenarios concerning which there arguably might be some question as to the applicability of the statute. However, they were scenarios that were “on the margin,” and even then, the Court had little doubt as to the application of the statute to them. Our Supreme Judicial Court has stated, “Uncertainty as to whether marginal offenses are included within the coverage of a statute does not render it unconstitutional if its scope is substantially clear." Commonwealth v. Bohmer, supra at 373 (citations omitted). See also Commonwealth v. Jarrett, 359 Mass. 491, 496 (1971) (“[T]he Constitution does not require impossible standards .. . [M]ere difficulty in determining whether certain marginal offenses are within the meaning of the language under attack as vague does not automatically render it unconstitutional for indefiniteness . . .”). Thus, the statute here at issue is not facially vague.
The defendant does not challenge the indictment on the ground that the statute is overbroad or vague as applied to him. In fact, it would be unrealistic for him to do so. There can be no question that, whatever might constitute a marginal violation of the statute, the defendant’s conduct falls squarely within its prohibitions. “Where ... a statute clearly proscribes some conduct, but is vague as to its reach over other acts, a defendant charged with conduct that falls into the first category, a so-called hard core violator, is not entitled to raise the vagueness challenge.” Commonwealth v. Bohmer, supra at 371, fn.6 (citation omitted). The same is true with respect to an overbreadth challenge. See Broaderick v. Oklahoma, supra at 609-10.
Accordingly, G.L.c. 268, sect 13B(l)(c)(iv), the statute under which the defendant was indicted, is constitutional, and the indictment stands.
Order
It is ordered that the motion to dismiss be denied.

tyhe term “harass” is more specifically defined later in the statute.

The defendant also cites as support Bronston v. United States, 409 U.S. 352 (1973). However, Bronstonis a statutory construction case that has no application to the issues presented here.