COMMONWEALTH vs. WILLIAM F. DALY, THIRD.

Suffolk. June 9, 1981. — August 13, 1981.

Present: PERRETTA, DREBEN, & KASS, JJ.

*Pleading, Criminal,* Complaint. *Threatening.*

Rule 4 (b) of the Massachusetts Rules of Criminal Procedure is applicable
to a complaint for threatening under G. L. c. 275, §§ 2 through 6,
and, therefore, it is not required that the person signing the complaint
be either the object of the threat or one who witnessed the threat.
[338-342]

COMPLAINT received and sworn to in the West Roxbury
Division of the District Court Department on April 7, 1980.

Upon appeal to the Boston Municipal Court Department,
the case was heard by *Cratsley, J.,* on motion to dismiss.

*Kathleen Coffey,* Assistant District Attorney, for the
Commonwealth.

*Dagmar Pollex* for the defendant.

KASS, J. Under Mass.R.Crim.P. 4(b), 378 Mass. 849
(1979), a complaint may be subscribed to by "the arresting
officer, the police chief, or any police officer within the
jurisdiction of a crime, a prosecutor, or a private person."
It is the position of the defendant that the procedures which
govern the crime of threatening (G. L. c. 275, §§ 2 through
6) are distinct and require that the person who subscribes to
the complaint be either the object of the threat or one who
witnessed the threat. A District Court judge adopted that
position and, upon motion, dismissed the complaint. The
Commonwealth has appealed pursuant to Mass.R.Crim.P.
15(a), 378 Mass. 882 (1979). We reverse.

Application for a complaint that the defendant threat-
ened him with bodily harm was made under pains and pen-
alties of perjury by John Devaney, a police officer. The

complaint which issued two days later, on April 7, 1980, was subscribed to by John P. Curran, the police prosecutor. As a general rule there is no requirement that the subscriber to a complaint must have observed the incident complained of at first hand. *Commonwealth* v. *Dillane,* 11 Gray 67, 71 (1858). See also *Commonwealth* v. *Baldassini,* 357 Mass. 670, 675-677 (1970).

Indeed, the Reporter of the Rules of Criminal Procedure notes, with respect to rule 4(b), that the practice of having a single officer obtain complaints for offenses of which he has no first-hand knowledge is "not only appropriate, but a sound administrative procedure." (See to the same effect, District Court Standards of Judicial Practice, The Complaint Procedure § 3:23 [1975] [hereinafter cited as "The Complaint Procedure"].) The Reporter goes on to note that "Rule 4(b) authorizes the signing of the complaint by persons other than the arresting officer in order to avoid requiring the officer's presence at any time prior to the probable cause hearing or trial. The subdivision [of rule 4] is grounded in the desire to avoid removing an officer from his regular work shift to execute the mere formality of personally signing the complaint." The statutory underpinning for Mass.R. Crim.P. 4(b) appears in G. L. c. 276, § 22, as amended by St. 1979, c. 344, § 20, which added a reference to the Massachusetts Rules of Criminal Procedure.

In arguing that rule 4(b) does not apply to the offense of threatening to commit a crime against the person or property of another, the defendant emphasizes the absence of a similar conforming amendment to G. L. c. 275, § 2. Pressing this point, the defendant suggests as a reason for a different complaint procedure in the case of threats, as contrasted with other crimes, that the threat statute deals with a breach of the peace yet to occur;[1] since only speech is in-

---

[1] The nature of the crime described by G. L. c. 275, § 2, and the constitutionality of the statute were discussed in *Robinson* v. *Bradley,* 300 F.Supp. 665, 668 (D. Mass. 1969). A threat is an "expression of an intention to inflict evil, injury, or damage on another" coupled with ability to make good on the intention expressed, "in circumstances which would

volved, it is, as we follow the argument, the more important that the clerk-magistrate or judge to whom the complaint is made hear it from the horse's mouth. The defendant also calls attention to a provision of c. 275, § 6, which imposes costs on the complainant if the underlying threat is ill-founded. Such a burden, the defendant argues, cannot be intended to fall on a police prosecutor and, therefore, the complainant must be one who has first-hand knowledge.

Had the Legislature intended that the crime of threatening be the subject of altogether distinct procedures, we would expect that intention to be expressed more plainly. Except for the reference to the rules of criminal procedure, little differentiates G. L. c. 275, § 2, from G. L. c. 276, § 22, as may be seen by setting out one text after the other:

> G. L. c. 275, § 2: "If complaint is made to any such court or justice that a person has threatened to commit a crime against the person or property of another, such court or justice shall examine the complainant and any witnesses who may be produced, on oath, reduce the complaint to writing and cause it to be subscribed by the complainant."

> G. L. c. 276, § 22: "Upon complaint made to any justice that a crime has been committed, he shall examine on oath the complainant and any witnesses produced by him, reduce the complaint to writing, and cause it to be subscribed by the complainant, and, if it appears that a crime has been committed, shall issue a summons or warrant in compliance with the provisions of the Massachusetts Rules of Criminal Procedure."

On comparison, it becomes apparent that the reference to the rules of criminal procedure modifies not the provision relating to the complaint procedure, but that which relates

---

justify apprehension on the part of the recipient of the threat." See *Commonwealth* v. *Chalifoux*, 362 Mass. 811, 816 (1973).

to the issuance of a summons to appear or to an arrest warrant.[2]  A similar reference would not be necessary in G. L. c. 275, § 2, because specific provisions relating to arrest warrants appear in the section immediately following, G. L. c. 275, § 3.  (We do not imply, we hasten to add, that the provisions relating to arrest which appear in § 3, which are nowise inconsistent with the rules of criminal procedure, read the latter out of G. L. c. 275.)

More significant, the defendant's approach to G. L. c. 275, § 2, ignores the function of the application for the complaint, as distinguished from the complaint itself.  That application, it will be recalled, was made in this case under pains and penalties of perjury by the arresting officer, against whom the alleged threat was made.  In this regard, the arresting officer followed customary procedures.  See The Complaint Procedure §§ 2:01-3:04, which covers the processing of applications for complaints, where the accused has been arrested, and applications for issuance of process, where the accused has not been arrested.  A complaint of threatening under G. L. c. 275, §§ 2-4, may give rise to a summons, rather than an arrest, notwithstanding language in § 3 which might indicate the contrary.  See *DeLoach* v. *Tracy*, 352 Mass. 135, 137 (1967).  The application for complaint is the document "used to capture basic information about a case."  The Complaint Procedure § 1:01.  It may be signed by the arresting officer or by a lay person.  The complaint which follows represents merely the formal written charge of crime to which the accused is to answer.  *Id.* and commentary to § 1:01.  A clerk-magistrate or judge who is called upon to issue a complaint, therefore, is not bereft of first-hand information.

What appears in G. L. c. 275, § 6, is not inconsistent with our view that the officer who signs the complaint need not have first-hand knowledge of the underlying events.  By its terms, § 6, the full text of which appears in the mar-

---

[2] The procedures governing summonses and warrants appear in Mass. R.Crim.P. 6, 378 Mass. 852 (1979).

gin,[3] presupposes that a complaint has already issued because certain consequences occur if it is found that "the complaint is unfounded, frivolous or malicious." G. L. c. 275, § 6. The examination referred to in § 6, therefore, must be one which occurs subsequent to the examination which gave rise to the complaint. The later examination, which may lead to the discharge of the defendant (again, therefore, presupposing his earlier appearance before the court), must involve an appraisal of the facts upon which the complaint was based. Such an appraisal, in turn, can only be made by hearing persons with first-hand knowledge of the underlying events. The person who applied for the complaint would be among those persons. In the context of § 6, which deals with the merits of the complaint, the word "complainant" is best read as referring to the person who applied for the complaint. Such a reading obviates the anomaly, adverted to by the defendant, of possibly tagging with the cost of prosecution a police prosecutor who has performed the bureaucratic duty of signing the complaint. Sections of a statute shall, if reasonably possible, be interpreted so as to be harmonious and not contradictory, and all the words given some practical meaning. *Killam* v. *March*, 316 Mass. 646, 649 (1944). *Boston* v. *Massachusetts Bay Transp. Authy.*, 373 Mass. 819, 823 (1977). *Gosselin* v. *Gosselin*, 1 Mass. App. Ct. 146, 148 (1973).

*Order dismissing complaint
reversed.*

---

[3] G. L. c. 275, § 6. "If, upon such examination, it is found that there is not just cause to fear that such crime will be committed by the person complained of, he shall be forthwith discharged; and if it is found that the complaint is unfounded, frivolous or malicious, the complainant may be ordered to pay the expenses of prosecution."