COMMONWEALTH vs. GERALD DITSCH. March 25, 1985. *Threatening.*

The defendant was convicted after a jury-waived trial in a District Court of having made threats of bodily harm in violation of G. L. c. 275, §§ 2, 3 and 4. The threats were allegedly made in letters written to the defendant's mother-in-law in Stoughton from the Norfolk County house of correction, where the defendant was incarcerated. He had recently begun to serve a sentence of two and a half years at that institution. The only issue raised on appeal is whether the conviction was proper inasmuch as the defendant, being behind bars at the time the letters were written, lacked the present ability to carry out the threats.

We do not think that the absence of immediate ability, physically and personally, to do bodily harm precludes a conviction for threats. The word "threats" is not defined in the statute. The definition propounded by a three-judge United States District Court in *Robinson* v. *Bradley*, 300 F. Supp. 665, 668 (D. Mass. 1969), ruling on a claim that the Massachusetts threats statute was unconstitutional as vague and overbroad, has been referred to several times with approval by the Massachusetts appellate courts. See *Commonwealth* v. *Chalifoux*, 362 Mass. 811, 816 (1973); *Commonwealth* v. *Daly*, 12 Mass. App. Ct. 338, 339 n.1 (1981). The court said in *Robinson*, "The word 'threat' has a well established meaning in both common usage and in the law. It is 'the expression of an intention to inflict evil, injury, or damage on another.' Webster's New International Dictionary, n.1 (1966 ed. unabridged). In law 'threat' has universally been interpreted to require more than the mere expression of intention. It has, in fact, been interpreted to require both intention and ability in circumstances which would justify apprehension on the part of the recipient of the threat."

A letter from a prisoner may give rise to justifiable apprehension on the part of the receipient that the threat will be carried out. In this case we think the defendant's mother-in-law could reasonably have believed that the defendant actually had the ability to cause her bodily harm, either personally after his release or through the employment of an agent. See *State* v. *Hotham*, 307 A.2d 185 (Me. 1973).

*Judgment affirmed.*

*Martin Kruger* for the defendant.
*David C. Phalen*, Assistant District Attorney, for the Commonwealth.