Lauriat, J.
In April of 1994, the defendant, Bernard Meadows (“Meadows”), was indicted for armed home invasion pursuant to G.L.c. 265, §18C. Meadows has now moved to dismiss the indictment on the grounds that G.L.c. 265, §18C is unconstitutionally vague, both on its face and as applied to Meadows, and that G.L.c. 265, §18C is overbroad. For the reasons which follow, the defendant’s motion is denied.
DISCUSSION
I.
G.L.c. 265, §18C provides in relevant part,
Whoever knowingly enters the dwelling place of another knowing or having reason to know that one or more persons are present within or knowingly enters the dwelling place of another and remains in such dwelling place knowing or having reason to know that one or more persons are present within while armed with a dangerous weapon, uses force or threatens the imminent use of force upon any person within such dwelling place whether or not injury occurs, or intentionally causes any injury to any person within such dwelling place shall be punished . . .
G.L.c. 265, §18C (emphasis added). Meadows’s indictment tracks the language and punctuation of the statute and states that the defendant:
(1) entered the dwelling place of Lanise Beach and remained there;
(2) knowing or having reason to know that one or more persons were present while armed with a dangerous weapon; and
(3) used force or threatened the imminent use of force upon Lanise Beach within that dwelling place.
Meadows contends that the only possible grammatical reading of the indictment, and the text of the statute upon which it is based, is that the phrase “while armed with a dangerous weapon” modifies the person in the home rather than the defendant.[1] Meadows asserts, consequently, that G.L.c. 265, §18C makes a defendant’s criminal liability contingent on the conduct of another person, and therefore fails to give the defendant a fair warning of the activity prohibited by the statute. Thus, Meadows contends that G.L.c. 265, §18C is facially void for vagueness.
“It is a central tenet of our constitutional law that, as a matter of due process, a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden should be deemed void for vagueness." Opinion of the Justices, 378 Mass. 822, 826 (1979) (citations omitted). However, “the constitutional burden imposed by the vagueness doctrine requires simply that the statute be drafted in such form as to present ‘ascertainable standards of guilt.’ ” Opinion of the Justices, supra at 827, quoting Winters v. New York, 333 U.S. 507, 515 (1948). Further, “a statute must be interpreted according to the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language, considered in connection with the cause of its enactment, the mischief or imperfection to be remedied, and the main object to be accomplished to the end that the purpose of the framers may be effectuated." Commonwealth v. Galvin, 388 Mass. 326, 328 (1983) (emphasis added); see also Commonwealth v. Lightfoot, 391 Mass. 718, 720 (1984), citing *88 Hoffman v. Howmedica, Inc., 373 Mass. 32, 37 (1977) (“Statutory language is the principal source of insight into Legislative purpose”).
As ascertained from the language of the statute in its entirety, the legislative intent behind G.L.c. 265, §18C was to punish those who enter the residence of another, knowing or having a reason to know that the home is occupied, and who assault or injure the persons inside. Therefore, read in its proper context, the phrase “while armed with a dangerous weapon” necessarily modifies the intruder rather than the person in the home.
Moreover, “where a statute can be made constitutionally definite by reasonable construction, the court is under a duty to give it that construction.” Commonwealthv. Williams, 395 Mass. 302,306 (1985), quoting Thomas v. Commonwealth, 355 Mass. 203,207 (1969). Thus, the court can remedy the apparent grammatical flaw in G.L.c. 265, §18 and effect legislative intent by inserting a comma before the phrase “while armed with a dangerous weapon.” See Barrett v. Van Pelt, 268 U.S. 85, 90-91 (1925) (“[pjunctuation is a minor, and not a controlling element in interpretation and courts will disregard the punctuation of a statute, or repunctuate it, if need be to give effect to what otherwise appears to be its purpose and true meaning”) (emphasis added). Therefore, the absence of proper punctuation in G.L.c. 265, §18C does not render the statute facially void for vagueness.
Meadows further contends that the Legislature’s failure to place a conjunction between the phrase “while armed” and the phrase “uses force” raises a question as to the number of elements defining this offense. Meadows contends that a plausible interpretation of G.L.c. 265, §18C is that “using force” is an alternative, rather than an additional element of the offense. However, if the legislature had intended to make “using force” an alternative element, it would have placed the conjunction “or” between the two phrases, as it has done throughout other portions of the statute. Moreover, even without a conjunction between the two phrases, an ordinary person would understand the conduct prohibited and that using or threatening force is a necessary element of the offense. Williams, supra at 304 (“A penal statute must define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement”). Therefore, the court rejects Meadows’s contention that the indictment should be dismissed because G.L.c. 265, §18C is, on its face, void for vagueness.[2]
II.
Meadows further contends that the indictment should be dismissed because G.L.c. 265, §18C is unconstitutionally vague as applied to him. However, as the Commonwealth asserts, Meadows has presented no statement of facts necessary for a resolution of that claim. A “motion based on the vagueness of the statute as applied depends on the evidence presented at trial and presents an issue that normally can be raised only by a motion for a required finding of not guilty.” Commonwealth v. Kwiatkowsi, 418 Mass. 543, 545 (1994); see Commonwealth v. Jasmin, 396 Mass. 653, 655 (1986). Accordingly, the matter should be raised by the defendant at trial via a motion for a required finding of not guilty. The court need not address Meadows’s contention at this juncture.
III.
Meadows asserts that G.L.c. 265, §18C is over-broad because it purports to criminalize the making of threats. However, the Commonwealth’s threats statute has already survived an overbreadth challenge. Robinson v. Bradley, 300 F.Supp. 665, 668 (D.Mass. 1969); Commonwealth v. Ditsch, 19 Mass.App.Ct. 1005, 1005, further appellate review denied, 395 Mass. 1101 (1985). In Ditsch, the court defined “threat” as the “expression of an intention to inflict evil, injury, or damage on another.” Ditsch, supra at 1005. The court further explained that a “threat” requires “both intention and ability in circumstances which would justify apprehension on the party of the recipient of the threat.” Id. Thus, because Meadows’s overbreadth argument has been previously rejected by the Appeals Court, this court concludes that G.L.c. 265, §18C is not unconstitutionally overbroad.
ORDER
For the foregoing reasons, the Defendant’s Motion to Dismiss Indictment is DENIED.

Meadows arrives at this interpretation because there is no comma separating “one or more persons are present within” from “while armed with a dangerous weapon.”

Meadows further contends that G.L.c. 265, §18C is defective because not every element has a “knowingly” or “intentionally” modifier. Thus, Meadows asserts that G.L.c. 265, §18C is void for vagueness because certain terms require no proof of criminal intent. However, “legislative language need not be afforded ‘mathematical precision’ in order to pass constitutional muster.” Williams, supra at 304, quoting Commonwealth v. Bohmer, 374 Mass. 368, 372 (1978). “An ordinance is not vague if it requires a person to conform his conduct to an imprecise but comprehensible normative standard . . .” Williams, supra at 304, quoting Commonwealth v. Orlando, 371 Mass. 732, 734 (1977). Moreover, the defendant’s contention that the absence of the word “intentionally” in front of “uses force” or “threatens force” renders this statute applicable to a plethora of noncriminal activity is not persuasive. Therefore, the court again rejects Meadows’s assertion that G.L.c. 265, §18C is facially void for vagueness.