COMMONWEALTH *vs.* KEVIN HAGGINS. No. 94-P-367. June 28, 1995. *Practice, Criminal*, Required finding, Assistance of counsel. *Evidence*, Relevancy and materiality, Threat. *Threatening.*

The defendant was convicted of receiving a stolen motor vehicle and making criminal threats, for which he was sentenced to concurrent terms of two and one-half years and six months, respectively. Three points are made on appeal.

First, the defendant argues that, despite his failure to move for a required finding of not guilty on the threats charge, he is entitled to have that conviction reversed under the miscarriage of justice standard for want

of evidence. See *Commonwealth* v. *Freeman*, 352 Mass. 556, 563-564 (1967); *Commonwealth* v. *Miranda*, 22 Mass. App. Ct. 10, 16 (1986). The contention is that the evidence did not show that the alleged threatening language was accompanied by "ability in circumstances which would justify apprehension on the part of the recipient of the threat." *Robinson* v. *Bradley*, 300 F. Supp. 665, 668 (D. Mass. 1969), discussed in *Commonwealth* v. *Ditsch*, 19 Mass. App. Ct. 1005 (1985). Perhaps that argument could be made as to the threats directed toward a racially defined group of residents of Needham, where the defendant had been arrested; these were not communicated to the persons threatened. The argument could not fairly be made, however, as to the threats directed toward arresting officer O'Brien, who was sufficiently apprehensive to take particular precautionary measures to protect himself and others nearby. Whether O'Brien felt fear is immaterial. *Commonwealth* v. *DeVincent*, 358 Mass. 592, 595 (1971). Because of those threats, any motion for a required finding on the threats count would properly have been denied.

Second, the defendant, again invoking the *Freeman* standard, contends that the threats directed toward the residents of Needham and the racial epithets and taunts directed toward arresting officer Springer were so inflammatory and prejudicial that they should not have been admitted in evidence. The trial judge, however, could properly have seen these remarks as part of an unbroken stream of hostile and threatening behavior that included the threats directed at Officer O'Brien — and, hence, relevant to the threats charge. Compare *Commonwealth* v. *Longo*, 402 Mass. 482, 489-490 (1988). Taken by themselves, the now-challenged remarks might be viewed as unduly inflammatory. Taken with the threats to Officer O'Brien, cast with equally racial and profane overtones, they can be viewed as largely cumulative. The test is one of weighing probative value against potential prejudice. See *Commonwealth* v. *Washington*, 28 Mass. App. Ct. 271, 273 (1990). The discretion accorded the judge in striking the balance, see *Commonwealth* v. *Marangiello*, 410 Mass. 452, 456 (1991), was not abused (or, more properly, would not have been abused had an objection been taken) by the admission of the defendant's remarks in their entirety.

Third, the defendant argues, as presented by appellate counsel under the reservation outlined in *Commonwealth* v. *Moffett*, 383 Mass. 201, 208 (1981), that his trial counsel rendered ineffective assistance by (in addition to failing to register objections in regard to the matters discussed above) failing to interview and to secure the attendance at trial of three witnesses, two of whom were known to the defendant by their first names and one of whom was said by the defendant to have been driving a commercial van. The defendant brought to the judge's attention his concern about the absence of these potentially exculpatory witnesses, and the judge interrogated the defendant's trial counsel at length about her efforts to locate them based on the slim leads the defendant could give her. On the basis of her

representations the judge properly concluded that she had done everything she reasonably could to ascertain their names and whereabouts. The record gives no basis for concluding that her trial preparation reflected "serious incompetency, inefficiency, or inattention . . . falling measurably below that which might be expected from an ordinary fallible lawyer." *Commonwealth* v. *Brookins*, 33 Mass. App. Ct. 626, 631 (1992), quoting from *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974).

*Judgments affirmed.*

*Pamela Lindmark* for the defendant.

*Stephanie R. McClellan*, Assistant District Attorney, for the Commonwealth.