*Michelle A. Kaczynski* for the Commonwealth.
*Herbert F. Travers, III,* for the plaintiffs.

COMMONWEALTH *vs.* RICHARD STRAHAN. No. 94-P-1657. November 6, 1995. *Practice, Criminal,* Appeal. *Threatening.*

After a jury-waived trial in the Boston Municipal Court on a complaint charging the defendant with threatening to do damage to property belonging to the New England Aquarium (Aquarium), the judge found the defendant guilty but imposed no penalty. The defendant appealed, and the Commonwealth contends that as the complaint was placed on file with the defendant's consent, the appeal must be dismissed. Concluding that the record does not show that the defendant affirmatively consented to the disposition of the complaint, we consider his claims that his statements were insufficient, as matter of law, to constitute a threat and that G. L. c. 275, § 2, as applied to him, is unconstitutionally vague and overbroad. We affirm the guilty finding.

1. *The appeal.* There is a notation on the docket entries that after the defendant was found guilty, he consented to the complaint being placed on file. The transcript, however, does not reflect the defendant's consent. See *Commonwealth* v. *Paniaqua*, 413 Mass. 796, 797 n.1 (1992). Rather, it indicates that the defendant, who was then proceeding pro se, did not understand what it meant to place the complaint "on file." In these circumstances, we do not construe the defendant's failure to object as consent. See *Commonwealth* v. *Nowells*, 390 Mass. 621, 630 (1983); *Commonwealth* v. *Paniaqua*, 413 Mass. at 797 n.1.

---

Further, another entry appears on the docket immediately following the notation concerning the defendant's consent. This subsequent entry reads, "Court revises disposition: no penalty imposed." We see no practical difference between the original and subsequent entries. In either event, because no penalty was imposed upon the defendant, a circumstance to which his consent does not affirmatively appear, there is no judgment before us. Yet, were we to dismiss the appeal and the trial judge were to choose to sentence the defendant, he could then appeal and present the identical issues which are now before us. We, therefore, consider the defendant's claims of error. See *Commonwealth* v. *Bianco*, 388 Mass. 358, 364-365, *S.C.*, 390 Mass. 254 (1983).

2. *The evidence.* There was evidence to show that the defendant, an environmental activist dedicated to the protection of whales from encroachment by humans on whale-watching boats, had a history of picketing and protesting at the Aquarium, informing visitors to the Aquarium that whale-watching is harmful to whales and that they should not participate in such excursions. On those occasions when, in the view of Aquarium personnel, the defendant would become too intrusive, the police would be called. The Aquarium also sought and obtained injunctive relief against the defendant.

On June 21, 1993, the defendant was standing on the gangplank of the Voyager II, a whale-watching vessel docked at the Aquarium. When the ship's mate saw the defendant and asked that he step back, the defendant told the mate that it was "illegal to harass whales," that "I am assessing the enemy," and that "I'm just looking for, for a place to put a hole in the boat." The mate took the defendant's remarks as a threat to sink the boat. He was familiar with the defendant's history at the Aquarium; he saw that the defendant was wearing a knapsack; he knew that the hull of the Voyager II was aluminum and of between one-eighth and one-sixteenth of an inch in thickness under the water line. The mate immediately reported the defendant's remarks to the captain and the Aquarium's director of security.

3. *The claims.* Because the defendant made no request for a required finding of not guilty, we review his claim, that his statements were insufficient to convict him of threatening to commit a crime, under the "miscarriage of justice" standard of review. See *Commonwealth* v. *McGovern*, 397 Mass. 863, 867-868 (1986); *Commonwealth* v. *Gonzales*, 33 Mass. App. Ct. 728, 729 (1992). It is the defendant's argument that his statements did not express an intention to put a hole in the Voyager II nor were they made in circumstances which reasonably could have caused Aquarium personnel to fear that the defendant had the ability to carry out his threat. See *Robinson* v. *Bradley*, 300 F. Supp. 665, 668 (D. Mass. 1969); *Commonwealth* v. *Chalifoux*, 362 Mass. 811, 816 (1973); *Commonwealth* v. *Ditsch*, 19 Mass. App. Ct. 1005 (1985). The defendant's contention that he did not express any intention to put a hole in the Voyager II is based

upon a parsing of one remark, "I'm just looking for, for a place to put a hole in the boat," taken in isolation from his other statments and the context in which they were made. See *Commonwealth* v. *DeVincent*, 358 Mass. 592, 595-596 (1971).

Taking the evidence in the light most favorable to the Commonwealth and all reasonable inferences that might be drawn therefrom, see *Commonwealth* v. *Latimore*, 378 Mass. 671, 677-678 (1979), we also conclude that justifiable apprehension on the part of Aquarium personnel, that the defendant had the ability to carry out his threat, could be inferred from the history of his relationship with the Aquarium, the fact that he was carrying a knapsack, and the description of the hull of the docked Voyager II. See *Commonwealth* v. *Ditsch*, 19 Mass. App. Ct. at 1005.

Additionally, we note that the defendant is simply incorrect in stating that the trial judge specifically found that the defendant did not intend to carry out his threat to put a hole in the Voyager II. What the trial judge stated was that he thought the defendant was "probably not likely, at any level, to carry out whatever the words were that he said." Whether the defendant ultimately might not carry out the threat is not relevant to the question of the sufficiency of the Commonwealth's proof that a threat was in fact made. The trial judge did find that the defendant's statements reasonably caused Aquarium personnel apprehension. See *id*.

The defendant's final claim, that as applied to his conduct, G. L. c. 275, § 2, is unconstitutionally vague, overbroad and an impermissible chill upon his freedom of expression warrants no discussion. See *Commonwealth* v. *Robicheau*, 421 Mass. 176, 182-183 (1995).

The guilty finding is affirmed. The matter is remanded to the Boston Municipal Court where the defendant's case is to be disposed of and judgment entered. Without suggesting what disposition would be appropriate in this case, the defendant is to be sentenced or discharged.

*So ordered.*

The case was submitted on briefs.

*Lowry E. Heussler* for the defendant.

*Ralph C. Martin, II*, District Attorney, & *John P. Zanini*, Assistant District Attorney, for the Commonwealth.